665 F.2d 915
 Michael C. BARTHOLOMEW, Scott M. Baldwin, Earl W. Branch,
Louis Chavarria, Stephen C. Chochrek, Robert W.
Danielson, Dana B. Robinson, Ernest
Leroy Smith, Plaintiffs-Appellees,
v.
Robert J. WATSON*, Administrator, Oregon
Corrections Division; Hoyt C. Cupp, Superintendent, Oregon
State Penitentiary; George E. Sullivan, Superintendent,
Oregon State Correctional Institute; Leola M. Gierloff
**, Superintendent, Oregon Women's Correctional
Center, Defendants-Appellants.
Michael C. BARTHOLOMEW, Scott M. Baldwin, Earl W. Branch,
Louis Chavarria, Stephen C. Chochrek, Robert W.
Danielson, Dana B. Robinson, Ernest
Leroy Smith, Plaintiffs-Appellants,
v.
Robert J. WATSON *, Administrator, Oregon Corrections
Division; Hoyt C. Cupp, Superintendent, Oregon State
Penitentiary; George E. Sullivan, Superintendent, Oregon
State Correctional Institute; Leola M. Gierloff **,
Superintendent, Oregon Women's Correctional Center,
Defendants-Appellees.
 Nos. 79-4677, 79-4723.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 7, 1981.
Decided Jan. 11, 1982.
 
 Diana I. Stuart, Salem, Or., for Bartholomew.
 William F. Nessly, Jr., Asst. Atty. Gen., Salem, Or., for Watson.
 Robert A. Stalker, Jr., Salem, Or., for plaintiffs-appellants.
 Appeal from the United States District Court for the District of Oregon.
 Before KENNEDY and ALARCON, Circuit Judges, and COPPLE***, District Judge.
 ALARCON, Circuit Judge:
 
 
 1
 These appeals arise from a class action brought by eight named plaintiffs (hereinafter the inmates) confined as prisoners within the jurisdiction of the Oregon Corrections Division. The complaint was filed on June 6, 1973 pursuant to 42 U.S.C. § 1983 (1976). Injunctive and declaratory relief was requested concerning certain rules, regulations, practices and procedures governing the transferring of prisoners to segregated or isolated quarters for disciplinary purposes. On January 15, 1976, defendants below (hereinafter state defendants) issued rules and regulations authorizing administrative segregation of prisoners deemed to be potentially disruptive but who had not violated a rule which would subject them to disciplinary segregation. The inmates filed a supplemental memorandum on May 26, 1976 challenging the constitutionality of the regulations providing for administrative segregation on due process grounds. The district court ordered the entry of a summary judgment on September 19, 1979.
 
 
 2
 Plaintiffs have appealed from certain portions of the judgment which upheld the rules and regulations for imposing administrative segregation.
 
 
 3
 Defendants have appealed from that portion of the judgment declaring unconstitutional the rules and regulations limiting a prisoner's right to call witnesses to testify at a disciplinary hearing.
 
 DISCUSSION
 
 4
 I. The district court, 477 F.Supp. 223, concluded that there are "greater institutional interests" at stake in maintaining internal security and preventing disruption in cases of administrative transfers than those present in connection with disciplinary proceedings for specific rule violations. Accordingly, the district court determined that it was unnecessary to provide the same procedural safeguards for the decision making process which results in administrative segregation as is required for prison disciplinary proceedings.
 
 
 5
 In their brief to this court, the inmates contend that the liberty interest affected by a transfer to segregation whether labelled administrative or disciplinary, is so similar that class members are entitled to the same due process in either case.
 
 
 6
 The entire response to the inmates brief is contained in the following two paragraphs:
 
 
 7
 Subsequent to the Opinion and Final Order hearing the defendants have conceded the points made in the plaintiffs' briefs as to the necessity of due process protections prior to imposition of administrative segregation. There is, therefore, no need to respond to the brief of the plaintiffs as to this point.
 
 
 8
 Defendants, as Cross-appellants, do not agree that the procedures utilized by them under the procedures which are utilized for both administrative segregation and disciplinary segregation fail to meet the protections mandated by Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Defendants' position thereon is set out hereafter in the Brief on Cross Appeal.
 
 
 9
 Defendants then proceed to argue in support of their cross-appeal that the restrictions against the calling of witnesses in disciplinary proceedings are constitutional.[1]
 
 
 10
 In Wright v. Enomoto, 462 F.Supp. 397, 403 (N.D.Cal.1976), aff'd mem., 434 U.S. 1052, 98 S.Ct. 1223, 55 L.Ed.2d 756 (1978), the court held that "... plaintiffs may not be confined in maximum security for administrative reasons unless they have been provided, minimally, with the safeguards required for such confinement for disciplinary reasons...." We are bound by the Wright decision.[2] Those portions of the judgment which would deny prisoners facing administrative transfers to segregate the same rights granted inmates subject to discipline are erroneous.
 
 
 11
 II. As noted above, state defendants' sole contention on their cross-appeal is that the district court erred in holding unconstitutional the Oregon Corrections Division procedures which preclude the calling by an inmate of another inmate or staff member as witnesses before the disciplinary committee. We disagree.
 
 
 12
 In Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Supreme Court stated that "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Defendant's rules provide that an inmate has a limited right to call witnesses to testify before the disciplinary committee as follows:
 
 
 13
 (1) Another inmate may not be called as a witness since allowing such testimony is unduly hazardous to institutional safety and correctional goals.
 
 
 14
 (2) Staff members who are working in the institution or whose duties take them within the institution may not be called as witnesses since such testimony is unduly hazardous to institutional safety and correctional goals.
 
 
 15
 (3) Other persons may not be called as witnesses if their testimony is unduly hazardous to the witness, institutional safety and/or correctional goals or the testimony to be offered is not relevant and/or reasonably available.
 
 
 16
 It is the state defendants' contention that the foregoing rules which restrict absolutely the calling of certain categories of witnesses do not violate due process in view of the administrative procedures provided by the rules for the presentation of facts within the knowledge of such witnesses.
 
 
 17
 The rules provide that an inmate has a right to submit questions to be posed by the disciplinary committee or its designee to any person:
 
 
 18
 (1) All questions which will assist in the resolution of the disciplinary proceedings, and the deponent is available, shall be posed.
 
 
 19
 (2) The disciplinary committee may, in its discretion, allow the inmate access to the answers provided; except when the source of the information is another inmate, the answers will not be provided.
 
 
 20
 The district court concluded that Wolff "envisioned a case-by-case determination of undue hazard" which might result in the calling of certain witnesses. In reaching this conclusion, the district court relied on the following language from Wolff: "Although we do not prescribe it, it would be useful for the Committee to state its reason for refusing to call a witness, whether it be for irrelevance, lack of necessity, or the hazards presented in individual cases." 418 U.S. at 566, 94 S.Ct. at 2980 (emphasis added).
 
 
 21
 As pointed out by the district court, "(t)he testimony of inmate or staff members will, in most cases, be the most relevant evidence a prisoner could offer in his defense." The rules as drafted deny to all inmates the right to present material testimony without proof of any facts establishing a threat to institutional safety. We agree with the district court that such a restriction violates the suggestion of the Supreme Court in Wolff that the decision to preclude the calling of a witness should be made on a case-by-case analysis of the potential hazards which may flow from the calling of a particular person.
 
 
 22
 The right to call witnesses is basic to a fair hearing. A blanket proscription against the calling of certain types of witnesses in all cases involving institutional security is an overreaction which violates minimal due process. That portion of the district court's judgment holding unconstitutional the rules prohibiting the calling of certain witnesses in all disciplinary proceedings without proof of any actual threat to constitutional security is affirmed.
 
 
 23
 That portion of the judgment which upholds the procedures used in administrative proceedings is reversed. This matter is remanded to the district court for entry of a new order consistent with the views expressed herein.
 
 
 
 *
 We substitute the name of Robert J. Watson, the successor to the original defendant Amos E. Reed, as the Administrator of the Oregon Corrections Division, pursuant to Fed.R.App.P. 43
 
 
 **
 We substitute the name of Leola M. Gierloff, the successor to the original defendant T. G. Toombs, as the Superintendent of the Oregon Women's Correctional Center, pursuant to Fed.R.App.P. 43
 
 
 ***
 Hon. William P. Copple, United States District Judge for the District of Arizona, sitting by designation
 
 
 [1]
 In light of our massive backlog, we are grateful for defendants' forthright concession. It frees us to devote our time and energies to truly contested issues on this and other cases
 
 
 [2]
 Even though the Wright decision arises from a direct appeal from the district court, rather than an appeal from a circuit court of appeals, this court is nonetheless bound by the ratio decidendi of the case. This is true although the case was affirmed summarily by the Supreme Court. As Mr. Justice Brennan observed in Ohio ex rel. Eaton v. Price, 360 U.S. 246, 247, 79 S.Ct. 978, 979, 3 L.Ed.2d 1200 (1959), "(v)otes to affirm summarily, and to dismiss for want of a substantial federal question, it hardly needs comment, are votes on the merits of the case...." See also C. Wright, Handbook of the Law of Federal Courts 495 (2d ed. 1970) ("Summary disposition of an appeal, however, either by affirmance or by dismissal for want of a substantial federal question, is a disposition on the merits.") The Supreme Court has also held that "the lower courts are bound by summary decisions by this Court ' "until such time as the Court informs (them) that (they) are not." ' " Hicks v. Miranda, 422 U.S. 332, 344-45, 95 S.Ct. 2281, 2289-90, 45 L.Ed.2d 223 (1975) (quoting Doe v. Hodgson, 478 F.2d 537, 539, cert. denied sub nom., Doe v. Brennan, 414 U.S. 1096, 94 S.Ct. 732, 38 L.Ed.2d 555 (1973)