Keith E. **PENDLETON**, Plaintiff,

v.

Vernon **HOUSEWRIGHT**, Director Nevada State Prisons, et al., Defendants.

No. CV–R–84–228–ECR.

United States District Court, D. Nevada.

Oct. 8, 1986.

As Amended Nov. 17, 1986.

Keith E. Pendleton, pro se.

Brian McKay, Atty. Gen., Carson City, Nev., for defendants.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, JR., Chief Judge.

The defendants have moved to dismiss the complaint against them pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff has filed a motion to strike in response. The Court finds that plaintiff's motion is wholly without merit and, therefore, that motion will be denied.[1] The motion to dismiss will be treated as a motion for summary judgment in that the parties have been notified that matters outside the pleadings would be

---

1. Plaintiff moved to strike all exhibits and attachments to defendants' motion to dismiss which relate to certain prison disciplinary charges made against the plaintiff under Fed.R. Evid. 404 and 608(b). As plaintiff notes in his points and authorities such evidence is inadmissible to prove character. In this case, however, the evidence is presented to refute plaintiff's charges of constitutional violations. Therefore, the evidence is admissible.

considered and both sides have filed affidavits and other materials with the Court. *See Townsend v. Columbia Operations,* 667 F.2d 844, 849 (9th Cir.1982).

Summary judgment is only appropriate if there are no genuine issues of material fact and, viewing the evidence in the light most favorable to the adverse party, the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *Fruehauf Corp. v. Royal Exchange Assurance of America, Inc.,* 704 F.2d 1168, 1171 (9th Cir.1983). A material factual dispute must involve issues necessary to a determination of the litigation. *Id.* at 1171 (citations omitted). The adverse party, however, may not rest upon the mere allegations or denials of his pleadings, but his response must set forth specific facts showing that there is a genuine issue for trial. Fed.R. Civ.P. 56(e). Therefore, the party opposing summary judgment must present some "significant probative evidence tending to support the complaint." *General Business Systems v. North American Philips Corp.,* 699 F.2d 965, 971 (9th Cir.1983), *quoting First National Bank v. Cities Service Co.,* 391 U.S. 253, 290, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968). Under this standard, the Court finds that the motion for summary judgment should be granted.

## DISCUSSION

Plaintiff, a former inmate at the Northern Nevada Correctional Center (the "NNCC"), filed this civil rights action against the director of Nevada State Prisons, John Slansky, the warden of the NNCC, and other correctional officers. Plaintiff contends that between 1980 and 1984 the defendants deprived him of his constitutional rights. More specifically, plaintiff claims that he was denied due process when the defendants brought false charges against him without giving him proper notice or a proper hearing of those charges. As a result of these charges, plaintiff alleges that he was placed in the "hole" for up to 15 days under conditions which constituted cruel and unusual punishment.

Moreover, plaintiff claims that Warden Slansky falsely accused him of drug trafficking and gang affiliation and put a letter in plaintiff's institutional file stating these allegations. Plaintiff claims that this letter prevents him from being classified to a lower custody level, which affects his housing status, his job and his good time credits.

Lastly, plaintiff claims that he was subjected to unnecessary shakedowns, that he was forced to take urine tests, that prison guards have gone through and/or taken his personal property, including his legal documents, and that he and other inmates who helped him in his legal battles have been subjected to other forms of harassment and retaliation. In his supplemental pleading, plaintiff refers to several alleged incidents occurring between March 1, 1984, and June 8, 1984. This list refers to a series of shakedowns and investigations and other incidents where officials either told plaintiff that they were out to get him, that they suspected him of dealing drugs or insulted him.

Plaintiff relies on this list in his motion in opposition to summary judgment. In addition, he has submitted a tape recording, which, pursuant to a previous minute order, will not be considered by the Court. He also claims, without any specific supporting facts or allegations, that defendants' affidavits are perjured and that their documents have been falsified. Lastly, plaintiff claims that summary judgment is inappropriate because he has not had sufficient time to conduct discovery. Because plaintiff has had ample time to conduct discovery, the Court finds that this last claim is without merit.

■ The affidavits and exhibits attached to defendants' motion conclusively show that there is no triable issue of material fact. These documents state the basis and disposition of each charge made against plaintiff between August of 1981 and September of 1983. The defendants have also furnished a document which shows whether, and for how long, plaintiff was placed in administrative segregation as a result of

these charges. The defendants have also attached copies of the notice of charges forms which, on all but one occasion, were signed by the plaintiff.[2] Additional documents show that on April 24, 1984, plaintiff was required to undergo a urine analysis after officers sensed a strong marijuana odor in his dorm. After the test proved positive, plaintiff was found guilty of possession of marijuana by the disciplinary committee and sentenced to 15 days of administrative segregation. Again, plaintiff signed the notice of charges form. Finally, these documents show that in each case brought before the disciplinary committee the plaintiff had the opportunity to present evidence and witnesses and was provided with a written statement of the reasons for punishment. Thus, the demands of procedural due process have been met. *Wolff v. McDonnell,* 418 U.S. 539, 565–566, 572, 94 S.Ct. 2963, 2979–2980, 2982, 41 L.Ed.2d 935 (1974); *Bartholomew v. Watson,* 665 F.2d 915, 917 (9th Cir.1982); *Wright v. Enomoto,* 462 F.Supp. 397, 403 (N.D.Cal.1976), *aff'd,* 434 U.S. 1052, 98 S.Ct. 1223, 55 L.Ed.2d 756 (1978).

The only areas of dispute do not involve material facts. For example, plaintiff claims that he was placed in the "hole" for up to five days at a time prior to 1984, while prison records show shorter stays.[3] It is clear, however, that even based on plaintiff's version of the facts, the length of time he spent in the "hole" does not violate constitutional standards. *See Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978). Plaintiff's description of the conditions in the hole also differs from that of the defendants.[4] In determining whether these conditions violate the Eighth Amendment, it is appropriate for the Court to consider the short length of time that the plaintiff went without benefits. *Id.* at 686, 98 S.Ct. at 2571. Moreover, "[a]n institution's obligation under the eighth amendment is at an end if it furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Wolfish v. Levi,* 573 F.2d 118, 125 (2nd Cir. 1978), *rev'd on other grounds sub nom. in, Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *cited with approval in Hoptowit v. Ray,* 682 F.2d 1237, 1258 (9th Cir.1982); *Wright v. Rushen,* 642 F.2d 1129, 1132–1133 (9th Cir.1981).

Within this framework, plaintiff has failed to establish a violation of his constitutional rights. He does not allege that he was improperly fed nor does he point to any instance where he requested and was denied medical treatment. Although plaintiff claims that hygiene items were unavailable, he does not identify which items were lacking and he admits that he was able to shower every three days. Thus, plaintiff fails to show that conditions were unsanitary or unhealthful. *Cf. Toussaint v. McCarthy,* 597 F.Supp. 1388, 1399–1400 (N.D.Cal.1984). Moreover, plaintiff's claim that he was denied access to the courts is not supported by any specific allegations.

---

**2.** On the one occasion where the notice was unsigned, plaintiff was never formally charged.

**3.** Plaintiff appears to have misinterpreted some of the defendants' documents. Plaintiff claims, for example, that the documents have been falsified because they do not include a record of his 15-day stay in the "hole." While the log sheet covering the period up to May 15, 1984, does not show this fact, the records after that date show without dispute that plaintiff was sentenced to 15 days in the hole as a result of his being found guilty of possession of marijuana on July 12, 1984.

**4.** In his supplemental pleading, plaintiff states: [T]he conditions of the hole are as follows: one (1) blanket, one (1) mattress, no health care or hygene (sic) articles, no personal property allowed, no legal materials, no legal files, no access to the courts, legal mail only, no reading material, no visits, no telephone calls, (legal or otherwise), no yard, showers every three (3) days, (if the officer remembers to let you out to shower), no writing materials, fed three (3) times a day ...

Warden Slansky's affidavit states that administrative segregation inmates receive two blankets, have hygiene items, have showers available at least every three days, and that inmate law clerks may visit segregation units and bring legal documents. Slansky also states, without any dispute, that inmates in administrative segregation have adequate space, heating, lighting and sanitary facilities available.

Plaintiff also claims that he was denied access to the yard, but, given the length of his detention, the Court cannot find any constitutional violation. *See Id.* at 1412 (a short term denial of exercise for disciplinary or security reasons probably does not violate the Eighth Amendment). *Cf. Toussaint v. Yockey,* 722 F.2d 1490, 1492–1493 (9th Cir.1984); *Spain v. Procunier,* 600 F.2d 189, 199 (9th Cir.1979) (under facts of case, prisoners held in segregated area for period of years had a right to regular outdoor exercise). Finally, the plaintiff's rights were not violated by either the complete denial of telephone use, *McCarthy, supra,* at 1413, or by the brief denial of visits, legal materials, mail and reading materials. Therefore, the Court finds that the conditions of confinement do not violate the Eighth Amendment.

■ Plaintiff's complaint regarding the letter placed in his institutional file is also without merit. A copy of the letter is attached to defendants' motion. It merely states that plaintiff met with Warden Slansky and was told that he was suspected of drug trafficking. Warden Slansky's affidavit states that no disciplinary action was taken in connection with the letter. Plaintiff, however, claims that he has not been classified to a lower security level because of the letter. This claim amounts to nothing more than a conclusory statement as plaintiff fails to set forth facts which establish how or why his classification has been affected.

Lastly, defendants claim that shakedowns are routinely used at the NNCC and that the frequent shakedowns of the plaintiff after March of 1984 are justified because, based on confidential information and plaintiff's past conduct, he was suspected of drug trafficking. And although plaintiff claims that he reported these incidents to the prison's property officer, the defendants state that they have no record of claims made by plaintiff regarding property lost or destroyed during shakedowns.

■ The recent decision of the United States Supreme Court in *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) is dispositive here. Chief Justice Burger's opinion for the Court stated that a prisoner has no "expectation of privacy" in his cell and, therefore, he has no Fourth Amendment protections against shakedowns, even if he claims they were done solely for harassment purposes. *Id.* at 526, 104 S.Ct. at 3200. The Court also held that unauthorized deliberate destruction of property by a state employee does not constitute a violation of due process so long as the state provides an adequate postdeprivation hearing. *Id.* at 533, 104 S.Ct. at 3203–3204. Defendants have attached to their motion a Procedure Manual of the Nevada Department of Prisons which outlines the procedure for raising inmate personal property claims. Plaintiff does not claim that these procedures are inadequate and he has not attempted to redress his alleged injuries through these channels. In addition, the Court notes that plaintiff has not referred to any specific instances where his access to the courts was blocked due to loss or destruction of his legal papers.

Plaintiff has not requested a hearing of the motion for summary judgment and, in any case, the Court finds that oral argument would be meaningless in this case. *See Houston v. Bryan,* 725 F.2d 516, 518 (9th Cir.1984) (absent a showing of prejudice, refusal to grant a hearing on summary judgment motion not, by itself, reversible error).

*CONCLUSION*

Defendants have established that there are no genuine issues of material fact in this case. Plaintiff's response is inadequate as he relies on conclusory statements or he alleges facts which, even if true, would not provide a basis for relief. Therefore, summary judgment is appropriate.

IT IS, THEREFORE, HEREBY ORDERED that the defendants' motion for summary judgment is GRANTED. The Clerk shall enter judgment accordingly.

IT IS FURTHER ORDERED that plaintiff's motion to strike is DENIED.