**Bryan R. RAMER, Petitioner–Appellant,**

v.

**Dareld KERBY, Respondent–Appellee.**

No. 90–2284.

United States Court of Appeals,
Tenth Circuit.

June 18, 1991.

and compellingly in its favor, without showing a   substantial likelihood of success on the merits.

Bryan R. Ramer, pro se.

Tom Udall, Atty. Gen., and Gail Mac-Questen, Asst. Atty. Gen., State of N.M., for respondent-appellee.

Before ANDERSON, TACHA and BRORBY, Circuit Judges.

TACHA, Circuit Judge.

Petitioner-appellant Bryan Ramer appeals a denial of a petition for writ of habeas corpus.[1] On appeal, Ramer argues: (1) his due process rights were violated by the prison's policy of disallowing prisoners to call staff members as witnesses at disciplinary proceedings, (2) he was charged and convicted of a criminal felony statute in the disciplinary hearing without the protections afforded by the due process clause, and (3) the disciplinary committee misinterpreted the criminal felony statute it applied to him. Ramer also contends the disciplinary committee abused its discretion and violated his due process rights by relying on allegedly false statements in the misconduct report and the magistrate's handling of the petition constituted dilatory tactics in violation of the constitution. We exercise jurisdiction under 28 U.S.C. § 1291, grant the certificate of probable cause, and affirm.

While serving his sentence on multiple counts of assault on a peace officer, aggravated battery upon a peace officer, and escape, Ramer had an altercation with a prison guard, Joseph Padilla, at the Central New Mexico Correctional Facility at Los Lunas, New Mexico. Padilla filed a misconduct report alleging three violations, including "30–22–24, Battery Upon a Police Officer." After a hearing, the prison disciplinary committee dismissed two charges but found Ramer "guilty of a Major Report of Charge, NMSA 30–22–24, Battery upon a peace officer." The committee imposed sanctions of fifteen days segregation and loss of eighty-five days' good time credits.

Ramer appealed this decision to the Hearing Officer and then the Secretary of Corrections, both of whom upheld the disciplinary committee's ruling. He then filed a petition for writ of habeas corpus in the state district court, which was denied. Ramer sought review of that decision with the New Mexico Supreme Court. That court denied his petition for writ of certiorari. Ramer then filed a petition for writ of habeas corpus in the district court.

At the disciplinary hearing, Ramer had requested that three members of the prison staff testify as witnesses. Although these staff members did not see the altercation between Ramer and Padilla, they observed the men immediately after the incident. Ramer claims the testimony of these staff members would directly relate to the credibility of statements made by Padilla in his disciplinary report.

Official policy at the Central New Mexico Correctional Facility prohibits inmates from calling staff members as witnesses at disciplinary hearings. Inmates who want the committee to consider a staff member's testimony must submit written questions. If the disciplinary committee chairperson finds the questions are relevant and not cumulative, the chairperson will contact the staff member for a written response. Ramer refused to submit written questions pursuant to the policy. Based on his refusal to submit questions, the disciplinary committee concluded Ramer had "waived" his right to obtain testimony from these witnesses.

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

■ Ramer contends the policy restricting a prisoner's right to call staff members as witnesses in his defense at a disciplinary hearing violates his due process rights. Although prisoners retain due process rights, these rights "are subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974). In *Wolff*, the Supreme Court noted "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* The Court has held, however, a prisoner in a disciplinary hearing must have the opportunity "to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id.* at 566, 94 S.Ct. at 2979. The scope of a prisoner's right to call and confront witnesses is committed to the sound discretion of prison officials. Officials may deny this right if they are convinced its exercise would threaten legitimate penological interests. *Id.* at 569, 94 S.Ct. at 2981.

The Court in *Wolff* further explained: "Although we do not prescribe it, it would be useful for the Committee to state its reasons for refusing to call a witness, whether it be for irrelevance, lack of necessity, or *the hazards presented in individual cases.*" (emphasis added). *Id.* at 566, 94 S.Ct. at 2980. The circuit courts have interpreted this language to require that prison officials determine on a individual basis whether permitting an inmate to call or confront a particular witness would threaten institutional safety or correctional goals. The Ninth Circuit has held a policy prohibiting inmates from calling staff members as witnesses without proof of any facts establishing a threat to institutional safety is unconstitutional. *Bartholomew v. Watson*, 665 F.2d 915, 918 (9th Cir.1982). As the court explained: "A blanket proscription against the calling of certain types of witnesses in all cases involving institutional security is an overreaction which violates minimal due process." *Id.* at 918. Similarly, the Sixth Circuit has

held a policy excluding witnesses under all circumstances is unconstitutional because "*Wolff* requires that officials make an individualized decision on the facts of each case." *King v. Wells*, 760 F.2d 89, 93 (6th Cir.1985). The Fourth Circuit has pointed out that policies precluding an entire class of witnesses violate the constitution because "the decision to preclude the calling of witnesses should be made on a case-by-case analysis of the potential hazards which may flow from the calling of a particular person." *Dalton v. Hutto*, 713 F.2d 75, 77–78 (4th Cir.1983) (quoting *Bartholomew*, 665 F.2d at 918).

■ Here, the prison policy prohibits prisoners from calling staff members as witnesses in disciplinary proceedings. This policy deprives inmates of the process due in a prison disciplinary proceeding: the right to an individualized determination of the importance of the testimony and the interests of the institution. Prison officials must decide on a case-by-case basis whether legitimate penological concerns including, but not limited to, safety or correctional goals, expense, staffing requirements throughout the institution, and the danger of harassment, counsel against permitting the requested staff members to appear at the hearing. The prisoner's request should also be denied if officials affirmatively determine the staff members' testimony would be irrelevant, cumulative, or otherwise unnecessary for the committee to come to a fair resolution of the matter. We note, however, that an assertion that a witness' testimony is "merely corroborative" generally is insufficient to justify denial of an inmate's request to call witnesses when that inmate faces a credibility problem trying to disprove the charges of a prison guard. *Graham v. Baughman*, 772 F.2d 441, 445 (8th Cir.1985).

Prison officials are not required to make a written record of the reasons for granting or denying a prisoner's request to call or confront a particular witness. *Wolff*, 418 U.S. at 566, 94 S.Ct. at 2979–80. Because this decision involves many complex considerations within the special province of corrections officers, courts should ordi-

narily defer to their expert judgment. *See Procunier v. Martinez*, 416 U.S. 396, 404–05, 94 S.Ct. 1800, 1807–08, 40 L.Ed.2d 224 (1974). The decision whether to grant a request to call or confront a particular witness, however, must be made on an individualized basis. A refusal to permit a staff member to testify based solely on a blanket policy excluding the testimony of a certain class of individuals does not satisfy the requirement of the individualized determination established by the Supreme Court in *Wolff.*

 In this case we cannot conclude the committee's refusal to allow Ramer to call the staff members at his hearing was based on the prison's policy prohibiting staff members' testimony at such proceedings. Prison policy affords inmates the opportunity to submit written questions for staff members. Such a procedure is essential to assist the disciplinary committee in making its individualized determination of the importance of the testimony and the interests of the institution. The committee must evaluate these questions to determine whether the staff members' testimony would threaten legitimate penological interests or assist the committee in resolving the disciplinary matter.

Here, Ramer refused to submit written questions, effectively denying the disciplinary committee the opportunity to evaluate his request to present the staff members' testimony at his hearing. Based on this, the committee determined Ramer had waived his right to obtain testimony from these witnesses. The committee's decision not to consider the staff members' testimony rested on Ramer's refusal to cooperate, not the policy prohibiting testimony by staff members at disciplinary hearings. Ramer's due process rights were therefore not violated and he is not entitled to a new hearing.

Ramer also contends the disciplinary committee abused its discretion by charging and convicting him of violating a criminal felony statute without affording him the due process protections associated with felony criminal trials. Here, Ramer was not charged with or convicted of a felony in the disciplinary proceeding. Rather, he was charged with a major report. The fact the conduct at issue in the hearing—battery of a peace officer—also is defined as a criminal offense by section 30–22–24 of the New Mexico Statutes does not mean the disciplinary committee charged and convicted him under that criminal felony law. Because Ramer was not charged and convicted under criminal felony law, the disciplinary committee's interpretation of that statute is immaterial.

Ramer's other arguments are without merit. Ramer has made a substantial showing of the denial of an important federal right, and we therefore GRANT the certificate of probable cause. *Barefoot v. Estelle*, 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983). His motion to certify a question to the New Mexico Supreme Court is DENIED. We AFFIRM.