51 F.3d 286
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert G. LILE, Plaintiff-Appellant,
v.
Robert D. HANNIGAN, Gary Stotts, Dave Massey, LT.C.S. Price,
J. Jaggers, Robert Paul, and Steve Dechant,
Defendants-Appellees.
 No. 94-3256.
 United States Court of Appeals, Tenth Circuit.
 Mar. 23, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Robert Lile, an inmate at the Hutchinson Correctional Facility in Hutchinson, Kansas, filed a civil rights complaint pursuant to 42 U.S.C.1983 seeking declaratory judgment, injunctive relief, and damages. The district court granted summary judgment for the defendants, and Mr. Lile appeals.[2]
 
 
 3
 The facts culminating in this appeal are as follows: Mr. Lile had a conversation with a correctional officer that resulted in disciplinary action against him. At the disciplinary hearing, the prison denied counsel for Mr. Lile as well as refused to allow Mr. Lile's wife and son to testify as witnesses on his behalf. However, the prison notified Mr. Lile that he could submit notarized statements from his wife and son, which he did. After his hearing, Mr. Lile was found guilty and sentenced to segregation for fourteen days and restriction of privileges for thirty days.
 
 
 4
 Mr. Lile alleges his right to due process was violated because (1) the accusing officer was not physically present at one of the disciplinary hearings; (2) Mr. Lile's wife and son were not permitted to testify; (3) the reviewing board turned off the tape recording device while affidavits submitted by Mr. Lile were read; (4) Mr. Lile was denied counsel; (5) the board's finding of guilt is unsupported by the evidence; and (6) the board was simply motivated by retaliatory intent. The defendants' motions for summary judgment were granted, and we review this decision de novo. James v. Sears, Roebuck & Co., 21 F.3d 989, 997-98 (10th Cir.1994).
 
 
 5
 In a prison disciplinary proceeding, due process requires (1) advanced notice to the inmate of the charges no less than twenty-four hours before the disciplinary hearing, (2) the opportunity to present evidence and witnesses as long as this does not jeopardize institutional safety or correctional goals, and (3) a written statement of the evidence relied upon by the review board and the reasons for its decision. Wolff v. McDonnell, 418 U.S. 539, 563-69 (1974).
 
 
 6
 The record reveals the accusing officer did testify at Mr. Lile's disciplinary hearing and Mr. Lile cross-examined this witness. Thus, Mr. Lile's first allegation of a due process violation by the absence of the accusing witness is without merit.
 
 
 7
 Mr. Lile's second allegation of constitutional violation stems from the review board's refusal to permit Mr. Lile's wife and son to testify. An inmate's right to call witnesses is not absolute, the prison can restrict witness testimony due to special requirements of the prison setting. Ramer v. Kerby, 936 F.2d 1102, 1104 (10th Cir.1991); Smith v. Maschner, 899 F.2d 940, 946 (10th Cir.1990). Mr. Lile did introduce his family's testimony by affidavit. These affidavits were incorporated into the record by reference and attached to the hearing summary. Therefore they are part of the record, and the board's decision to turn off the tape recording equipment during the reading of the affidavits is without consequence.
 
 
 8
 Next, Mr. Lile claims he was improperly denied counsel during the disciplinary hearings. Inmates do not have a constitutional right to appointed counsel in prison disciplinary hearings. Wolff, 418 U.S. at 570. Although Kansas Administrative Regulations, K.A.R. 44-13-101(d)(7), provide for counsel in limited circumstances, Mr. Lile was denied appointed counsel because Legal Services for Prisoners, Inc., limits its representation of inmates in disciplinary proceedings to certain offense of which Mr. Lile was not accused. This lack of counsel is not a constitutional violation.
 
 
 9
 Finally, Mr. Lile alleges the board's finding of guilt is unsupported by the evidence and is motivated by retaliation. The record reveals the accusing officer testified about his conversation with Mr. Lile and the content of this testimony is sufficient to support the board's findings. See Superintendent, MCI, Walpole v. Hill, 472 U.S. 445, 454-55 (1985) (disciplinary board's findings must only be supported by "some evidence" in the record. Although prison officials may not retaliate against inmates for exercising their First Amendment rights, Maschner, 899 F.2d at 947-48, Mr. Lile presented no factual evidence to support the inference that the board retaliated against him. Bare allegations of retaliation will not avoid summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Frazier v. Dubois, 922 F.2d 560, 562 n. 1 (10th Cir.1990).
 
 
 10
 Accordingly, we AFFIRM the district court's grant of summary judgment.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Although the district court denied Mr. Lile's motion for leave to appeal in forma pauperis, we grant the motion simply to reach the merits