70 F.3d 1282
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Paul Luna VASQUEZ, Plaintiff-Appellant,
v.
Gene LEY, Captain, Housing Supervisor and Disciplinary
Officer of the Arkansas Valley Correctional Facility,
Crowley Co; Russell E. Ellis, Hearing Officer of the
Arkansas Valley Correctional Facility, Crowley, Co; Sherry
Hall, Sergeant, of the Arkansas Valley Correctional
Facility, Crowley, Co; Officer Braun, of the Arkansas
Valley Correctional Facility, Crowley, Co; Tom Garcia,
Sergeant, of the Arkansas Valley Correctional Facility,
Crowley, Co; Susan Devries, Sergeant, of the Arkansas
Valley Correctional Facility, Crowley, Co, Defendants-Appellees.
 No. 95-1134.
(D.C.No. 94-M-1570)
 United States Court of Appeals, Tenth Circuit.
 Nov. 24, 1995.
 ORDER AND JUDGMENT[1]
 
 1
 Before TACHA and BARRETT, Circuit Judges, and BROWN,** Senior District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.[2]
 
 
 3
 This pro se civil rights action arises out of a prison disciplinary proceeding in which plaintiff was found to be in possession of unauthorized property. The property was confiscated and plaintiff was punished by the loss of ten days' good time credit. In accordance with administrative guidelines governing inmate cell placement, the violation also resulted in his loss of single-cell privileges. Plaintiff brought suit under 42 U.S.C.1983, challenging these actions on numerous substantive and procedural grounds. Defendants moved for summary judgment. The magistrate judge thoroughly and thoughtfully addressed plaintiff's claims and recommended granting defendants' motion. Plaintiff then filed objections and also moved to amend his complaint. The district court considered these materials, adopted the magistrate judge's recommendation, and did not allow amendment. Plaintiff now appeals, urging several points of analytical and procedural error. We reject these and affirm.
 
 
 4
 Plaintiff maintains that the hearing officer's finding of guilt on the charge of unauthorized possession was substantively erroneous. Judicial review in this regard is quite limited: "the relevant question is whether there is any evidence in the record that could support the conclusion reached.... [T]he Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." Superintendent v. Hill, 472 U.S. 445, 455-56 (1985). The evidence referenced in the hearing officer's decision easily satisfies this deferential standard. Moreover, plaintiff's attempt to shift blame from himself by asserting the contributory nonfeasance of prison receiving officers--who allegedly neglected their duty to screen the unauthorized items when he brought them into the facility on his return from a court leave--is undercut by the very regulation he cites for the officers' duty. On plaintiff's own account, the regulation admonishes that "[i]nmates are responsible for ensuring their personal property is in compliance with the administrative regulation [governing authorized possessions]." Plaintiff-appellant's Opening Brief at 5. Plaintiff has offered no excuse for failing to secure the requisite authorization during the nine months between his reentry into the facility and the seizure of his property.
 
 
 5
 We likewise reject plaintiff's procedural objections to his disciplinary hearing. In light of the evidence supporting the charge against him, plaintiff's arguments regarding lack of probable cause, inadequate investigation, and misallocation of the burden of proof are clearly meritless. Plaintiff also contends he was denied an opportunity to call witnesses and present evidence on his behalf,[3] contrary to the constitutional strictures recognized in Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974). See also Smith v. Maschner, 899 F.2d 940, 946 (10th Cir.1990). Plaintiff did not include any allegations to this effect in his original complaint. Indeed, in addressing plaintiff's due process claim, the magistrate judge held that plaintiff had received the requisite notice of charges and written statement of decision, and then observed that he "does not allege that he was not allowed to call witnesses at the hearing." R. I doc. 46, at 4-5. Thereafter, plaintiff attempted to add just such allegations by amendment.
 
 
 6
 The allegations and averments plaintiff proffered in support of his motion to amend were vague and conclusory. As best we can tell, plaintiff maintained that two family members and a friend would have confirmed that he had brought some of the offending property into the prison following his court leave, thereby bolstering his defense that the officers who failed to detect and address the authorization problem upon entry were really to blame. Such testimony would have been both unnecessarily cumulative and, in light of our previous discussion of this defense, essentially immaterial to the disposition of the charge plaintiff faced. Consequently, the district court correctly ruled that the requested amendment and associated materials could not save plaintiff's due process claim from the summary judgment recommended by the magistrate judge.[4] See Ramer, 936 F.2d at 1104 (denial of witnesses whose testimony would be "irrelevant, cumulative, or otherwise unnecessary for ... a fair resolution of the matter" does not give rise to due process violation under Wolff ).
 
 
 7
 With respect to plaintiff's First Amendment religious freedom claim, the magistrate judge concluded that the seizure of two of three unauthorized rosaries in plaintiff's possession did not constitute the "substantial burden" on religion necessary to require defendants to justify their conduct with a compelling countervailing interest. See Werner v. McCotter, 49 F.3d 1476, 1480 & n. 2 (10th Cir.), cert. denied, 115 S.Ct. 2625 (1995). We agree. Limiting plaintiff to one rosary did not (1) "significantly inhibit or constrain [plaintiff's religious] conduct or expression," (2) "meaningfully curtail [plaintiff's] ability to express adherence to his ... faith," or (3) "deny [plaintiff] reasonable opportunity to engage in [fundamental religious] activities." Id. at 1480. Plaintiff's argument on appeal, that he was not allowed to keep the particular rosary he preferred, likewise overlooks the fundamental analytical point identified by the magistrate judge. Cf. Alameen v. Coughlin, 892 F.Supp. 440, 449 & n. 9 (E.D.N.Y.1995)(while blanket prohibition on possession of prayer beads constitutes substantial religious burden, restriction on color of beads does not). Finally, plaintiff's representation that he was left with an incomplete rosary is belied by the very prayer guide he relies on, which does not specify any "Hail Mary" marker for the one location where he indicates one is missing. See Addendum ex. F.
 
 
 8
 At the outset of his brief, plaintiff lists several "option[s] denied by the U.S. District Court," including such matters as appointment of counsel and production of documents. Plaintiff-appellant's opening brief at 3. As many of these passing, perfunctory objections are not taken up and developed in the argument section of the brief, we need not address them. See Phillips v. Calhoun, 956 F.2d 949, 953 (10th Cir.1992)(citing Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1023 (7th Cir.1990)); see also Abercrombie v. City of Catoosa, 896 F.2d 1228, 1231 (10th Cir.1990)(issue listed but not argued in brief is waived). In any event, nothing raised in this regard persuades us to disturb the district court's judgment.
 
 
 9
 We have reviewed all of the arguments asserted by plaintiff and, whether explicitly discussed or tacitly considered, each has been found to lack merit. The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [2]
 Plaintiff filed his brief with a cover letter requesting the return of his original exhibits following disposition of this appeal. That unopposed request has been construed as a formal motion and referred to this panel. We grant the motion insofar as we direct the clerk to return the exhibits (contained in plaintiff's "Addendum" filed June 12, 1995) to the proper prison authority for release, if otherwise appropriate, to plaintiff
 
 
 [3]
 Specifically, he argues that the hearing officer improperly denied his request for "a short continuance ... so that he [could] obtain critical information and documentation in support of a meritorious defense of the allegation(s) in addition to securing witness testimony." Plaintiff-appellant's Opening Brief at 13. We note, however, that the notice of charges warned plaintiff a week in advance of the hearing that "[i]t is the inmate's responsibility to contact his representative of choice and any witnesses he wants at his hearing." R. I doc. 3, app. A
 
 
 [4]
 Plaintiff also protested, though only sporadically, that he was not allowed to call one of the two prison officers who jointly searched his cell and seized the offending property. Plaintiff did not allege that he had requested this witness in order to contradict the testifying officer's (unremarkable) factual account of the search. Rather, he simply insisted on his entitlement to examine all participants. This unqualified demand reflects an unduly broad and simplistic understanding of the applicable law, which recognizes the need for this type of redundant testimony only where required to corroborate the inmate's position on a disputed, material matter. See Ramer v. Kerby, 936 F.2d 1102, 1104 (10th Cir.1991); see, e.g., Smith, 899 F.2d at 946-47. Plaintiff failed to present any such particularized justification to the district court in connection with his motion to amend