[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
This is a habeas matter. The petitioner, Charles Bellino, alleges that he was: a) held in administrative segregation for a period exceeding 14 days, in violation of Department of Correction Administrative Directive 9.4; b) was not allowed to call witnesses at a subsequent disciplinary hearing, and c) the finding of "guilty" following the disciplinary hearing was retaliatory.
A hearing was held on this petition on October 9, 1998, at which the petitioner appeared pro se, testimony was taken, exhibits submitted, and closing argument was heard, the parties having rested.
 II
On or about May 18, 1991, the petitioner was convicted after trial of manslaughter in the first degree in violation of General Statutes, Section 53a-55(a)(1), attempted assault in the first degree in violation of General Statutes, Sections 53a-49(a) and53a-59(a)(1), and carrying a pistol without a permit in CT Page 922 violation of General Statutes, Section 29-35. The petitioner currently remains incarcerated, having been sentenced in June 1991, to twenty years on the manslaughter conviction, ten years consecutive on the attempted assault conviction, and five years on the pistol without a permit conviction, consecutive to the first two convictions, for a total effective sentence of thirty five years.
On September 24, 1996, the petitioner and another inmate, Vincent Jones, occupied cell SB1-03. On that date prison officials conducted a cell search ("shakedown") of said cell, as a result of which the petitioner was placed in administrative detention. He remained in administrative detention from September 24, 1996 to October 15, 1996, a total of 21 days. During that period no extension of detention for investigation was ordered and no "ticket" (Disciplinary Report) was issued. On October 15th, the petitioner, after complaining to the deputy warden, was released from administrative detention. On October 18, 1996, a ticket was issued, charging the petitioner with the possession of contraband including marijuana, found as a result of the shakedown of September, 24th and the petitioner was returned to administrative detention, pending the outcome of a hearing on the said contraband charge. On October 31, 1996, after hearing, the petitioner was found guilty of possession of contraband, a Class "A" offense under the Correction Department's Code of Penal Discipline. The sanctions imposed on the petitioner for this offense included loss of ninety days' "good time" and imposition of fifteen days' punitive segregation.
 III
The petitioner contends that his constitutional rights to due process were violated, first by his being held in administrative segregation in excess of 14 days, and then, by the refusal to allow him to call witnesses at his disciplinary hearing, and that the hearing and its outcome were retaliatory. The remedy he seeks is straightforward: release from prison.
Based on the testimony and evidence presented, the court finds that the petitioner has failed to establish, by a fair preponderance of the evidence, his claims.
Under Administrative Directive 9.4, the petitioner should have been released from administrative detention on October 8th, unless an extension for investigation was ordered or a ticket CT Page 923 issued. The state concedes the petitioner was held in administrative detention until October 15th, with no ticket issued nor extension ordered. In fact, an investigation was going forward during this time, involving a corrupt correction officer and the possible relationship of that officer with the petitioner. The failure to order an extension of administrative detention is better characterized as an administrative slip-up than a denial of the petitioner's constitutional rights. Prison regulations are primarily designed to guide correctional officials in the administration of a prison, not to confer rights upon inmates, Sandin v. Conner, 115 S.Ct. 2293, 2299,515 U.S. 472 (1995). In the light of Sandin v. Conner, cases cited by the petitioner, Hall v. Lombardi, 996 F.2d 954 (8th Cir. 1993);Russell v. Coughlin, 910 F.2d 75 (2nd Cir. 1990); Pembroke v.Wood County, 981 F.2d 225 (8th Cir. 1993); are of no avail to petitioner. We do not condone, much less encourage, correction officials to breach their own regulations but the court finds that the respondent's holding the petitioner in administrative detention seven days beyond the initially authorized 14 day period did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest accruing to the petitioner, Sandin v. Conner, supra, at 2301. The court notes that the investigation stemming from the shakedown of September 24th led to a finding of "guilty" against the petitioner at the conclusion of his disciplinary proceeding. The petitioner has failed to state a claim on which relief can be based.
The petitioner's remaining claims need not long detain us. The petitioner failed to establish, by a fair preponderance of the evidence that he was denied the right to call witnesses. The "Disciplinary Investigation Report" dated October 29, 1996, which is included in Respondent's Exhibit 1, contains a section entitled "Inmate Witness Request". Its first line reads "Inmate requests witness(es)". Following that caption are boxes delineated "yes" and "no"; the "no" box is checked. The next line of the form reads: "If no, inmate signature"; this is followed by the petitioner's signature. The petitioner's claim that he understood this to be a request form only to be used to call inmates as witnesses, while the petitioner wanted to call correction officials as witnesses, is unpersuasive. Neither Ramerv. Kerby, 936 F.2d 1102 (10th Cir. 1991) nor Patterson v.Coughlin, 905 F.2d 564 (2nd Cir. 1990), cited by the petitioner, dictate an outcome here favorable to the petitioner. CT Page 924
Finally, the court finds that some evidence did support the finding of guilty at the conclusion of the disciplinary hearing.Superintendent v. Hill, 472 U.S. 445, 453, 105 S.Ct. 2768,86 L.Ed.2d 356 (1985).
While a claim of retaliation may support a cause of action,Cain v. Lane, 857 F.2d 1139 (7th Cir. 1988) the petitioner failed to establish, by a fair preponderance of the evidence, retaliation by the respondent; as indicated, supra, some evidence supported the finding of guilty made following the subject disciplinary hearing.
 IV
Accordingly, the relief requested is denied and the petition is dismissed.
By the Court,
Downey, J.