**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SALVADOR DIAZ,

      Petitioner - Appellant,

 v.

COLLEEN L. MCGUIRE, USDB
Commandant,

      Respondent - Appellee.

No. 05-3149
(D.C. No. 02-CV-3271-RDR)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **LUCERO** , **ANDERSON** , and **BRORBY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Salvador Diaz, a prisoner proceeding pro se, appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. We have jurisdiction under 28 U.S.C. § 2253(a), and we affirm.

I

Mr. Diaz is incarcerated at the United States Disciplinary Barracks in Fort Leavenworth, Kansas. Relevant to this case, he was a party to three disciplinary hearings. At the first hearing, he was found guilty of disobedience; at the second, he was found guilty of disobedience and "out of place"; and at the third, he was found guilty of disobedience (later modified to attempted disobedience). The punishments imposed included revocation of a total of 117 days of good conduct time and 31 days of earned or extra good time.

Mr. Diaz filed suit in the district court under 28 U.S.C. § 2241, alleging that he was deprived of his good conduct and earned/extra good time in violation of his constitutional rights. After reviewing Mr. Diaz's filings and the answer and return to order to show cause filed on behalf of the warden, the district court denied Mr. Diaz's petition. Mr. Diaz appeals.

II

On appeal, Mr. Diaz argues that he was deprived of his liberty without due process because there were no impartial pre-hearing investigations, one of the disciplinary boards included a decisionmaker who was not impartial, he was

denied the ability to cross-examine witnesses, and there were insufficient records of the hearings.

We assume for purposes of the appeal that Mr. Diaz has a liberty interest in his accrued good conduct time and earned/extra credit time. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Consequently, he cannot be deprived of those credits without due process. *Id.* But "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556. Under *Wolff*, an inmate facing a disciplinary proceeding "must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). In addition, there must be "some evidence in the record" to support the charge. *Id.* "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at

455-56. The decision can be upheld even if the evidence supporting the decision is "meager." *Id.* at 457.

### A. Impartial Decisionmaker

A disciplinary decisionmaker must be impartial. *See Gwinn v. Awmiller*, 354 F.3d 1211, 1220 (10th Cir.) (citing *Wolff*, 418 U.S. at 592 (Marshall, J., concurring)), *cert. denied*, 125 S. Ct. 181 (2004); *see also Mitchell v. Maynard*, 80 F.3d 1433, 1446 (10th Cir. 1996) (indicating that a challenge to a factfinder's neutrality implicates the fundamental right to be heard). Mr. Diaz alleges that one of his hearings was before a decisionmaker who could not be impartial. He states that he had several disputes with the board member while he worked for him on a prior work detail, and that as a result of Mr. Diaz filed a complaint against the board member with the Office of the Inspector General, alleging that the board member had subjected him to personal harassment.

Allegations of bias should be evaluated on a case-by-case basis. *Gwinn*, 354 F.3d at 1220. "Careful scrutiny of disqualification claims is grounded in legitimate considerations of prison administration." *Id.* at 1221. "From a practical standpoint, requiring each staff member who is the subject of a separate lawsuit to disqualify himself from sitting in judgment of that inmate would heavily tax the working capacity of the prison staff." *Redding v. Fairman*, 717 F.2d 1105, 1113 (7th Cir. 1983) (quoted in *Gwinn*, 354 F.3d at 1221).

Mr. Diaz's allegations against the board member do not indicate that the board member had any personal involvement with the matter at issue in the hearing. "[D]ue process is satisfied as long as no member of the disciplinary board has been involved in the investigation or prosecution of the particular case, or has had any other form of personal involvement in the case." *Wolff*, 418 U.S. at 592 (Marshall, J., concurring). In addition, while Mr. Diaz alleges that the board president "should have been aware" of his conflicts with the board member and thus should have ensured impartiality, R. Doc. 13 at 7, there is no indication that Mr. Diaz challenged the board member's impartiality at the time of the hearing. We do not believe that the district court erred in denying relief on this claim.

### B. *Opportunity to Call Witnesses*

Mr. Diaz argues that he was denied the opportunity to cross-examine adverse witnesses, and that the disciplinary boards denied him the opportunity to call witnesses in his own defense.

The Constitution does not require the opportunity for confrontation and cross-examination in disciplinary proceedings. *Wolff*, 418 U.S. at 568. Rather, whether cross-examination will be allowed is a matter of discretion for prison officials. *Id.* at 569. Consequently, it was not unconstitutional for USDB not to permit Mr. Diaz to cross-examine staff members at his disciplinary hearings.

*Wolff* does hold that "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." 418 U.S. at 566. Thus, while an inmate generally has the right to call witnesses and present evidence, such right is not absolute; the prison can restrict witness testimony and documentary evidence due to special requirements of the prison setting. *See id.* at 566-67; *Ramer v. Kerby*, 936 F.2d 1102, 1104 (10th Cir. 1991); *Smith v. Maschner*, 899 F.2d 940, 946 (10th Cir. 1990). Here, the disciplinary boards documented their reasons, on a case-by-case basis, for not hearing all of Mr. Diaz's requested witnesses, and the reasons given (redundancy, relevancy, and duplication) were within the permissible discretion of prison officials. *See Ramer*, 936 F.2d at 1104. The denial did not actually or effectively deprive Mr. Diaz of any defense. *Cf. Smith*, 899 F.2d at 947. Mr. Diaz was not deprived of due process by not being allowed to call his requested witnesses.

For these reasons, the district court did not err in denying the writ with regard to this claim.

### C. Impartial Investigation

Mr. Diaz alleges that certain army regulations give him the right to an impartial pre-hearing investigation, and that he was deprived of this right in connection with the three disciplinary hearings at issue.

Prison regulations are "primarily designed to guide correctional officials in the administration of a prison. [They are] not designed to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Where a liberty or property interest has been infringed, the process which is due under the United States Constitution is that measured by the due process clause, not prison regulations. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 539-41 (1985) ("[O]nce it is determined that the Due Process Clause applies, the question remains what process is due. The answer to that question is not to be found in the [state] statute.") (quotation and citation omitted); *Hulen v. Yates*, 322 F.3d 1229, 1247 (10th Cir. 2003) ("[O]nce the property right is established, it is purely a matter of federal constitutional law whether the procedure afforded was adequate."); *see also Shakur v. Selsky*, 391 F.3d 106, 119 (2d Cir. 2004) ("[R]egardless of state procedural guarantees, the *only* process due an inmate is that minimal process guaranteed by the Constitution."). An adequate prehearing investigation is not among the minimum due process protections identified by *Wolff* and *Hill*. *See Whitford v. Boglino*, 63 F.3d 527, 532 (7th Cir. 1995) (per

curiam) ("[Plaintiff] has no federal due process right to a prehearing investigation."); *Brown v. Frey*, 889 F.2d 159, 170-71 (8th Cir. 1989) (holding that prisoner had not shown any clearly established constitutional right to an adequate investigation). The district court did not err in denying the writ with regard to this claim.

### D. Record of Proceedings

Mr. Diaz also argues that army regulations give him the right to have the entire disciplinary proceeding tape-recorded. He contends that the *Hill* standard of "some evidence" in the record cannot be satisfied without an accurate, complete record of the entire proceeding in each case.

Prisoners have a constitutional right to "a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action." *Wolff*, 418 U.S. at 564 (quotation omitted). The purposes of the written finding are "to insure adequate review of the proceedings, to protect the inmate against collateral consequences, and to guarantee that officials, faced with outside scrutiny, will act fairly." *Smith*, 899 F.2d at 946. These purposes are satisfied by the written summaries of the three disciplinary hearings that are contained in the record; it is not constitutionally required that the entire proceedings be recorded verbatim. *See Ruiz v. Estelle*, 679 F.2d 1115, 1155 (5th Cir.) ("*Wolff* . . . does not

require tape recordings."), *modified in part and vacated in part on other grounds*, 688 F.2d 266 (5th Cir. 1982).

In this case, the written summaries of the hearings set forth the substance of the testimony heard by the board. The summaries also note what evidence the board members found persuasive in reaching their decision. Despite Mr. Diaz's claims to the contrary, these are written records of the disciplinary proceedings. Our review indicates that the "some evidence" standard is satisfied with regard to each of Mr. Diaz's hearings.

The district court did not err in denying relief on this claim.

III

Mr. Diaz fails to persuade us that the circumstances of the USDB in the present day are so materially different than the circumstances of the Supreme Court's decisions in *Wolff* and *Hill* so as to alter the Supreme Court's guidelines regarding the level of process constitutionally required for inmates facing prison disciplinary hearings. Mr. Diaz received the process to which he was constitutionally entitled, and the judgment of the district court is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge