**F I L E D**

**PUBLISH**

**May 5, 2006**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PATRICK B. GROSSMAN,

      Petitioner-Appellant,

v.

LOUIE E. BRUCE, Warden,
Hutchinson Correctional Facility;
JOHN SCHLETZBAUM, Disciplinary
Administrator, Hutchinson
Correctional Facility; ROGER
WERHOLTZ, Secretary of Corrections
of Kansas,

      Respondents-Appellees.

No. 05-3155

---

**Appeal from the United States District Court**
**for the District of Kansas**
**(D.C. No. 04-CV-3235-RDR)**

---

Submitted on the briefs:[*]

Patrick B. Grossman, Pro Se, of Hutchinson, Kansas for Plaintiff-Appellant.

Kristafer R. Ailslieger, Assistant Attorney General, Office of the Kansas Attorney General, Topeka, Kansas for Respondents-Appellees.

---

Before **KELLY, BRISCOE**, and **LUCERO**, Circuit Judges.

---

[*]At the parties' request, the case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).

**LUCERO**, Circuit Judge.

Patrick Grossman, a Kansas inmate proceeding pro se, appeals a district court order denying his petition for habeas corpus. Grossman alleged violations of his Fourteenth Amendment procedural due process rights stemming from his disciplinary conviction in a prison administrative hearing for incitement to riot and for possession of less dangerous contraband. He filed the underlying action pursuant to 28 U.S.C. § 2254, which the district court recharacterized as a challenge to the execution of his sentence under 28 U.S.C. § 2241.

Following denial of a certificate of appealability ("COA") by the district court, we issued a COA on the following issue: "Whether petitioner was denied due process in the course of the prison disciplinary proceedings regarding incitement to riot and possession of less dangerous contraband, as a result of the denial of the right to confront and cross-examine witnesses or the right to present evidence." We denied a COA on all other issues.

Because any error precluding Grossman from presenting a witness at his hearing for incitement to riot was harmless and because his punishment on the contraband charge did not implicate a liberty interest and hence give rise to protections under the Due Process Clause, we **AFFIRM**.

# I

On December 21, 2002, there was an altercation in the dining room of the Hutchinson Correctional Facility. Grossman, an inmate at the Facility, was charged with incitement to riot in violation of Kan. Admin. Regs. § 44-12-319. His cell was searched and prison guards found "tattoo drawings . . . on skin paper." Prison officials added a charge that Grossman violated Kan. Admin. Regs. § 44-12-902 by possessing the tattoo drawings, which are classified as less dangerous contraband.

Prison officials held a disciplinary hearing. Grossman requested to have Correctional Officer Mark Fryhoff, who was present at the time of the dining room incident, appear at his disciplinary hearing. This request was denied for being untimely, although the government now concedes that Grossman's request was filed in a timely manner.

At the hearing, the board received a report by Correctional Officer Don Langford, who was not present at the incident, relating the following information:

> Mark Fryoff [sic] was supervising the meal-line when he observed GROSSMAN being verbally disruptive while sitting at a table near the serving line. Fryoff [sic] is unsure of the comments made by GROSSMAN because there was so much noise. However, Fryhoff observed that GROSSMAN was participating in an incident when inmates were banging food trays and calling for an Aramark Food Service Supervisor to put on a hairnet. Fryoff [sic] reported that at least 15-20 inmates were banging their food trays on the tables in the Dining Room.

-4-

On December 23, 2002, I interviewed GROSSMAN. He stated that he had an argument with an Aramark Food Service Supervisor concerning her not wearing a hairnet and that several inmates were disruptive in the Dining Room on December 21, 2002.

Incitement to riot is defined as "urging others by words or conduct to engage in riot under circumstances which produce a clear and present danger of injury to persons or property, or a breach of the peace." Kan. Admin. Regs. § 44-12-319(b).

Riot is any use of force or violence by three or more persons acting together and without the authority of law which produces a breach of the peace on the premises of a correctional facility whether within or without the security perimeter itself, or any threat to use such force or violence against any person or property, if accompanied by power or apparent power of immediate execution.

Kan. Admin. Regs § 44-12-319(a).

The disciplinary hearing board found Grossman guilty on both charges. His sanction for the incitement-to-riot charge was substantial: forty-five days disciplinary segregation, sixty days restriction time, a twenty-dollar fine, and the loss of six months of good time credits. He was also sanctioned to seven days disciplinary segregation and thirty days restriction time for possession of less dangerous contraband.

Grossman filed a habeas petition under § 2254, alleging violations of his rights under the Fifth, Eighth, and Fourteenth Amendments. The district court denied relief. It rejected his double jeopardy and cruel and unusual punishment

claims for failure to exhaust his administrative remedies, but addressed his procedural due process claims on the merits. The court held that prison officials had validly denied Grossman's request for witness testimony because permitting the testimony would have been hazardous to institutional safety or correctional goals. It further held that the disciplinary conviction for incitement to riot was based on "some evidence," as required by Superintendent v. Hill, 472 U.S. 445 (1985). Finally, the district court ruled that the disciplinary conviction for less dangerous contraband did not implicate Grossman's due process rights under Sandin v. Conner, 515 U.S. 472 (1995), because Grossman was subjected to minimal disciplinary segregation and restriction.

The district court denied a COA, but Grossman sought and received a COA from this court.

**II**

On appeal, Grossman argues that habeas relief is appropriate because he was denied his due process rights when the prison disciplinary board denied his timely request to call Officer Fryhoff as a witness.[1] He also maintains his punishment for the less-dangerous-contraband disciplinary conviction implicated

---

[1] Grossman also makes conclusory statements that he was improperly denied the right to present evidence and that one or more other witnesses were not called at his disciplinary hearing. He does not identify any of these other witnesses in his appellate brief, nor does he explain what evidence he was unable to introduce, making it impossible to review this claim.

a liberty interest and hence gave rise to due process protection.

We review the district court's conclusions of law de novo. Wilson v. Jones, 430 F.3d 1113, 1117 (10th Cir. 2005). Kansas state inmates such as Grossman have a liberty interest in good time credits. Hogue v. Bruce, 113 P.3d 234, 237 (Kan. 2005). When a punishment implicates a liberty interest, prisoners are entitled to some due process protections in prison disciplinary proceedings. They are not, however, entitled to "the full panoply of rights due a defendant" in a criminal prosecution. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). One of the rights to which a prisoner is entitled is the opportunity to call witnesses and present evidence in his defense, as long as "permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 564-66. Prison officials are required to consider whether to grant a request to call or confront a particular witness on an individualized basis. Ramer v. Kerby, 936 F.2d 1102, 1105 (10th Cir. 1991).

## A

Grossman's request to have Fryhoff testify at the disciplinary hearing was denied on the ground that it was untimely. The defendants now concede that his request was timely. As such, the prison officials who denied the request did not make the required individualized determination that having Fryhoff as a witness was unduly hazardous to institutional safety or correctional goals. Kerby, 936 at

1105. Their decision was clearly made in error.

However, this error was harmless. No decision of this court has explicitly stated that harmless error review applies to a habeas petition alleging a denial of the right to present witnesses at prison disciplinary hearing. We have held, in the context of a 42 U.S.C. § 1983 suit, that a prisoner cannot maintain a due process claim for failure to permit witness testimony if he fails to show that the testimony "would have affected the outcome of his case." Chesson v. Jaquez, 986 F.2d 363, 366 (10th Cir. 1993). Every other circuit to consider the precise question before us has applied harmless error review to habeas petitions in similar contexts. Brown v. Braxton, 373 F.3d 501, 508 (4th Cir. 2004); Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003). See also Powell v. Coughlin, 953 F.2d 744, 750 (2d Cir. 1991) ("If a person may be convicted and obliged to serve a substantial prison sentence notwithstanding a constitutional error determined to be harmless, surely [the result of a prison disciplinary proceeding may properly stand] despite a harmless error in adjudicating the violation"). We join these circuits in concluding that errors made by prison officials in denying witness testimony at official hearings are subject to harmless error review.

In applying harmless error review, we note that Grossman presented to the district court Fryhoff's response to a post-conviction request for information, supplied almost three months after the incident. There, Fryhoff stated, "I am

unsure of your actual involvement in the incident on 21 Dec 2002 in the south unit dining hall, but I do recall you being verbally disruptive at that time." This supports Langford's testimony about Fryhoff's report of the incident. Thus, Fryhoff's testimony would not have aided Grossman's defense. As such, the error was harmless.[2] We affirm the district court's dismissal of Grossman's petition.[3]

**B**

Grossman argues that he lost good-time credits as a result of his less-dangerous-contraband conviction. The record, however, shows that he did not. Further, he does not claim, and the record does not indicate, that his placement in disciplinary segregation for seven days and restriction time of thirty days "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. Accordingly, the punishment did not implicate a liberty interest and Grossman is not entitled "to the procedural protections set forth in Wolff." Id. at 487. The district court

---

[2] The district court did not rely on this ground to dismiss Grossman's petition, but we are free to affirm on any ground for which there is a sufficient record to permit conclusions of law. Southwest Four Wheel Drive Ass'n v. Bur. of Land Mgmt., 363 F.3d 1069, 1071 (10th Cir. 2004).

[3] Grossman's challenge to his disciplinary conviction for lack of evidence is outside the scope of our grant of a COA. As such, it is barred. Davis v. Roberts, 425 F.3d 830, 833 (10th Cir. 2005) (holding COA required for state prisoner seeking relief under § 2241). Even if it were not, this claim has no basis. There is more than "some evidence" in the record supporting the conclusion of prison officials that Grossman violated Kan. Admin. Regs. § 44-12-319. Hill, 472 U.S. at 447.

correctly denied relief on this claim.

## III

Although prison officials did err in denying Grossman's request to have Fryhoff testify at his prison disciplinary hearing for incitement to riot, that error was harmless.  Further, no liberty interest was implicated when prison officials punished Grossman for possession of less dangerous contraband.  We **AFFIRM**.