In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 06-2103

RONNIE JOHNSON,

*Plaintiff-Appellant,*

*v.*

BRIAN EVINGER, *et al.,*

*Defendants-Appellees.*

———————

Appeal from the United States District Court
for the Central District of Illinois.
No. 04 C 2278—**Harold A. Baker**, *Judge.*

———————

SUBMITTED JANUARY 18, 2008—DECIDED FEBRUARY 6, 2008

———————

Before POSNER, FLAUM, and EVANS, *Circuit Judges.*

POSNER, *Circuit Judge.*   The plaintiff, an Illinois state prisoner, brought this suit under 42 U.S.C. § 1983 against several correctional officials, claiming that they retaliated against him because he tried to obtain evidence to defend himself against a disciplinary charge. The district court granted the defendants' motion to dismiss the complaint for failure to state a claim.

The complaint alleges the following: Defendant Evinger confiscated a "hot pot" that he found in Johnson's cell, and charged him with possession of unauthorized prop-

erty. (The term "hot pot" has various meanings, but in the present setting appears to refer to a vessel for heating food or liquids, perhaps a three-dimensional version of a hot plate.) The day after the charge was lodged, the plaintiff submitted a questionnaire to Evinger for the "expressed purpose" of obtaining information that the plaintiff needed in order to defend himself against the charge. Evinger became "infuriated," placed Johnson in segregation, refused to respond to the questionnaire, confiscated it, and filed a second disciplinary charge against Johnson, alleging intimidation, possession of dangerous written materials, insolence, and possession of unauthorized property. The disciplinary committee adjudged Johnson guilty of intimidation and insolence and by way of punishment ordered that he be placed in segregation for 15 days and that certain privileges be denied him. Johnson appealed to the prison's Administrative Review Board, which reversed and ordered the disciplinary conviction expunged, though by this time he had served some or all of the time in segregation that the first-line disciplinary committee had ordered.

The district court understood the plaintiff to be claiming that Evinger had retaliated against him for exercising his First Amendment right to complain about prison conditions, and pointed out that the questionnaire was not a complaint but rather a quest for information for use in the plaintiff's "hot pot" disciplinary proceeding. We understand the plaintiff's claim differently, as a claim that he was retaliated against for attempting to gather evidence that he needed in order to be able to defend himself against the disciplinary charge. Due process has been interpreted to give a prisoner a limited right to present evidence at a disciplinary hearing. *Wolff v.*

*McDonnell*, 418 U.S. 539, 566 (1974); *Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2004); *Grossman v. Bruce,* 447 F.3d 801, 805 (10th Cir. 2006); *Sims v. Artuz*, 230 F.3d 14, 24 (2d Cir. 2000). The Illinois prison system provides, however, a procedure, the adequacy of which the plaintiff does not challenge, for obtaining evidence: "Prior to the hearing, the offender may request that witnesses be interviewed. The request shall be in writing on the space provided in the disciplinary report and shall include an explanation of what the witnesses would state. If the offender fails to make the request in a timely manner before the hearing, the individual may be granted a continuance for good cause shown." Ill. Admin. Code, tit. 20, § 504.80(f)(2). "The offender does not have the right to confront or cross-examine any witnesses but may submit questions for witnesses to the [disciplinary] Committee prior to the hearing. These questions shall be asked by the Committee or its Hearing Investigator unless found to be cumulative, irrelevant, or a threat to the safety of individuals or the security of the facility." *Id.*, § 504.80(g)(2). This procedure was explained to Johnson on the disciplinary report that he signed and attached to his complaint, and as we said he does not contend that the procedure is constitutionally (or otherwise) inadequate. By failing to comply with the authorized procedure, he forfeited his claim to have been retaliated against for attempting to present evidence to the disciplinary committee. The conduct for which he was punished was not protected by the due process clause.

AFFIRMED.

A true Copy:

     Teste:

 

 

                        _____

                        *Clerk of the United States Court of*
                           *Appeals for the Seventh Circuit*