FILED
United States Court of Appeals
Tenth Circuit

March 29, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CARL DEMETRIUS MITCHELL,

      Petitioner-Appellant,

v.

BRUCE HOWARD, Warden,

      Respondent-Appellee.

No. 10-7077
(D.C. No. CIV-09-308-RAW-KEW)
(E.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **EBEL** and **GORSUCH**, Circuit Judges.

      Carl Demetrius Mitchell, an Oklahoma state prisoner proceeding pro se, seeks to appeal the district court's dismissal of his § 2241 habeas petition alleging a denial of due process during an August 2008 prison disciplinary proceeding that resulted in Mitchell's loss of earned good-time credits. We construe Mitchell's Notice of Appeal and Opening Brief as a request for a certificate of appealability (COA). Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we conclude that Mitchell has not made a substantial

---

[*]     This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

showing of the denial of a constitutional right. Accordingly, we deny his request for a COA and dismiss this appeal.

## BACKGROUND

Petitioner Carl Mitchell has been in the custody of the Oklahoma Department of Corrections (ODOC) since June 2002. The record shows that on August 8, 2008, while Mitchell was incarcerated at the Jackie Brannon Correctional Center (JBCC) in McAlester, Oklahoma, the JBCC law library supervisor observed Mitchell walking away from the prison canteen when he was supposed to be at his assigned housing unit checking in from his job at the law library. Inmates from Mitchell's housing unit were not permitted to go to the canteen on that particular day, a fact that Mitchell knew. Four days later, Mitchell was issued a disciplinary report charging him with a violation of ODOC Rule 03-1, which prohibits a prisoner from being present in an authorized area.[1] During a subsequent investigation of the report, Mitchell declined to present any documentary evidence to the investigating officer and indicated that he did not wish to call any witnesses at his disciplinary hearing.

Mitchell appeared before a disciplinary hearing officer (DHO) on August 14, 2008. Relying on the librarian's report that Mitchell was present in an unauthorized area and the fact that Mitchell failed to present any witnesses or documentary evidence to

---

[1] Pursuant to ODOC Rule 03-1, an inmate may not be present "[o]utside defined boundaries within [the] facility as defined by [the] facility or present in a restricted area." Department Offender Disciplinary Procedures, OP-060125, Attach. A, § 03-1, available at http://www.doc.state.ok.us/offtech/060125aa.pdf (last visited Mar. 5, 2011).

support his defense, the DHO found Mitchell guilty of the alleged misconduct. As a sanction, the DHO revoked ninety of Mitchell's earned good-time credits. The JBCC warden affirmed the DHO's decision on September 5, 2008, and the ODOC Director denied Mitchell's final administrative appeal on October 1, 2008.

On January 9, 2009, Mitchell filed a petition for judicial review in the Oklahoma County District Court pursuant to Okla. Stat. tit. 57, § 564.1. That court denied relief on March 4, 2009, and the journal entry of the court's final order was filed on March 6, 2009. On April 21, 2009, Mitchell appealed to the Oklahoma Court of Criminal Appeals (OCCA). But the OCCA dismissed the appeal as untimely, explaining that "[a]n appeal to this Court, from the final order of the District Court adjudicating the petition for judicial review, must be filed within thirty (30) days from the date the District Court order is filed with the Clerk of the District Court." Mitchell v. Okla. Dep't of Corr., No. REC-2009-367 (Okla. Crim. App. May 22, 2009).

On August 12, 2009, Mitchell filed an application for § 2241 habeas relief in the U.S. District Court for the Eastern District of Oklahoma, alleging that he was denied due process during the August 2008 disciplinary proceeding. On September 9, 2010, the district court dismissed Mitchell's petition as procedurally barred because Mitchell failed to file for relief in the OCCA within the thirty-day time period prescribed by OCCA rules. Mitchell then filed a motion for reconsideration in which he argued that his procedural default should be excused because the clerk of the state district court failed to mail him a certified copy of the journal entry of the court's final order—without which he

3

could not initiate an appeal in the OCCA—and because he was "actually innocent" of the disciplinary charge against him. The district court found both arguments without merit and denied the motion on October 29, 2010. That same day, the district court also denied Mitchell's request for a COA.

On appeal, Mitchell urges this Court to excuse his procedural default and to grant relief on the merits of his claim.

## DISCUSSION

### I. Standard of Review

A state prisoner seeking habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability (COA) before this Court may consider the merits of his appeal. See 28 U.S.C. § 2253(c)(1)(A); Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000); see also Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) ("[U]ntil a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners."). In order to obtain a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court has dismissed a habeas petition on procedural grounds without reaching the merits of the prisoner's constitutional claims, "a COA should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added). "Each component of the

4

§ 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Id. at 485. The COA determination "does not require full consideration of the factual or legal bases adduced in support of the [petitioner's constitutional] claims." Miller-El, 537 U.S. at 336. Instead, we conduct "an overview of the claims in the habeas petition and a general assessment of their merits." Id.

After reviewing Mitchell's appellate filings, the district court's orders, and the record on appeal, we conclude that "jurists of reason" could not "find it debatable whether [Mitchell's] petition states a valid claim of the denial of [due process]." Slack, 529 U.S. at 484. Accordingly, we need not examine the district court's procedural ruling and Mitchell's arguments that his procedural default should be excused. See United States v. Springfield, 337 F.3d 1175, 1178 (10th Cir. 2003) (exercising the discretion to proceed directly to the issue of whether the petitioner had made a substantial showing of the denial of a constitutional right and declining to review the district court's procedural ruling).

## II. Due Process Claims

Mitchell's habeas petition alleges that the JBCC disciplinary proceedings violated his due process rights for three reasons: (1) the DHO failed to produce and review exculpatory evidence—namely, a "security work-crew log" that allegedly would have shown that Mitchell signed in at his housing unit before proceeding to the canteen; (2) the

5

DHO failed to support her finding of guilt with a written statement of the reasons and evidentiary basis for the finding; and (3) there was no evidence to support the DHO's finding of guilt. Each of these claims lacks merit.

"It is well settled that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." Mitchell v. Maynard, 80 F.3d 1433, 1444 (10th Cir. 1996) (internal quotation marks omitted). But because "[p]rison disciplinary proceedings are not part of a criminal prosecution, . . . the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

> Where a prison disciplinary hearing may result in the loss of good time credits, . . . the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454 (1985) (citing Wolff, 418 U.S. at 563–67). Further, "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record." Id. (emphasis added) (citation and internal quotation marks omitted).

## A. Failure to Consider the Security Work-Crew Log

In his habeas petition, Mitchell claims that during his disciplinary hearing he requested that the DHO review the security work-crew log that was maintained at

6

Mitchell's housing unit on August 8, 2008.[2]  According to Mitchell, this log would have shown that he signed in at his housing unit before proceeding to the canteen; therefore, it would have rebutted the librarian's statement that Mitchell was at the canteen instead of checking in at his assigned housing unit.

Due process requires a DHO to produce and review evidence alleged by a prisoner to be supportive of his defense unless doing so would be "unduly hazardous to institutional safety or correctional goals."  Wolff, 418 U.S. at 566; Howard v. U.S. Bureau of Prisons, 487 F.3d 808, 813–14 (10th Cir. 2007).  But assuming, without deciding, that the DHO in this case committed error by refusing to consider the work-crew log, the error was harmless to Mitchell and therefore cannot form the basis of a due process claim.  See Howard, 487 F.3d at 814–15 & n.5 (recognizing that a DHO's unjustified refusal to review a videotape alleged to be exculpatory might constitute harmless error and remanding to the district court to make "a determination of harmlessness on a fuller factual record"); cf. Grossman v. Bruce, 447 F.3d 801, 805 (10th Cir. 2006) ("[E]rrors made by prison officials in denying witness testimony at official hearings are subject to harmless error review.").

A DHO's failure to review documentary evidence alleged to be exculpatory is

---

[2]      We note that nothing in the record provides proof that Mitchell requested production of the work-crew log at the disciplinary hearing.  All the record shows is that Mitchell did not request this document when he met with the investigating officer and was provided with copies of all of the evidence that would be presented to the DHO.  Nevertheless, for present purposes we will assume that Mitchell did make such a request.

7

harmless if that evidence would not actually help the prisoner because his theory of exculpation is legally incorrect. See Howard, 487 F.3d at 814 n.5; Griffin v. Brooks, 13 F. App'x 861, 864 (10th Cir. July 12, 2001) (unpublished). Here, Mitchell's theory is that the work-crew log would have demonstrated his innocence of the alleged misconduct by proving that he signed in at his housing unit before proceeding to the canteen. This theory is flawed because it misconstrues the nature of the charge against him. Mitchell was charged with being present in an unauthorized area, in violation of ODOC Rule 03-1. The librarian's description of the incident makes clear that Mitchell was not authorized to be at the canteen on August 8, 2008, because he was assigned to Housing Unit B, and, as Mitchell knew, only inmates assigned to Housing Unit C were permitted to go to the canteen that day. (R. at 28–29.) Thus, whether Mitchell signed in at his housing unit before proceeding to the canteen is legally irrelevant, as Mitchell's conduct of being present at the canteen without authorization violated Rule 03-1 in any event.[3] For this reason, the DHO's failure to produce and review the work-crew log was not prejudicial to Mitchell, and the error, if any, was harmless.

## B. Failure to Provide a Written Statement of Reasons

Mitchell's second claim, that the DHO failed to provide a written statement of the

---

[3] Significantly, ODOC Rule 03-3 prohibits "[f]ailure to follow sign-in/sign-out procedures." Department Offender Disciplinary Procedures, OP-060125, Attach. A, § 03-3, available at http://www.doc.state.ok.us/offtech/060125aa.pdf (last visited Mar. 5, 2011). Although Rule 03-3, like Rule 03-1, falls under a general heading labeled "Present in Unauthorized Area" in the ODOC procedures manual, id., Mitchell was charged only for a violation of Rule 03-1.

8

reasons for her finding of guilt, is contradicted by the record. The DHO filled out a form titled "Disciplinary Hearing Report." (R. at 33.) In a section labeled "Evidence relied on for finding of Guilt," the DHO explained that she relied on the librarian's description of the incident and the fact that Mitchell produced no evidence to the contrary. (Id.) We have no difficulty in concluding that this written statement meets the due process requirements announced in Wolff. See, e.g., Mitchell, 80 F.3d at 1445 (holding that written statement that inmate was found guilty on the basis of officer's report satisfied Wolff); Taylor v. Wallace, 931 F.2d 698, 703 (10th Cir. 1991) (holding that written statement that inmate was found guilty on the basis of confidential witness testimony satisfied Wolff).

## C. Lack of Evidence to Support the DHO's Finding

Mitchell's final claim, that no evidence supported the DHO's finding of guilt, is similarly belied by the record. The "some evidence" standard of Hill is satisfied if "there is any evidence in the record that could support the conclusion reached by the [DHO]." Hill, 472 U.S. at 455–56 (emphasis added). Even if the only evidence supporting the DHO's decision "might be characterized as meager," we cannot say that a due process violation occurred as long as "the record is not so devoid of evidence that the findings of the [DHO] were without support or otherwise arbitrary." Id. at 457. Here, the librarian's statement that Mitchell was present at the canteen without authorization amounts to direct evidence of a violation of ODOC Rule 03-1 and easily satisfies the "some evidence" requirement.

9

**CONCLUSION**

Because we conclude that jurists of reason could not debate whether Mitchell's § 2241 habeas petition states a valid claim of the denial of a constitutional right, we DENY Mitchell's request for a COA and DISMISS this appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

10