FILED
United States Court of Appeals
Tenth Circuit

April 30, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARVIN B. DAVIS, JR.,

       Petitioner–Appellant,

v.

SAM CLINE, Warden, Hutchinson
Correctional Facility,

       Respondent–Appellee.

No. 13-3020
(D.C. No. 12-CV-03159-SAC)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Marvin Davis, Jr., a state prisoner appearing pro se, seeks a certificate of

appealability ("COA") to appeal the denial of his 28 U.S.C. § 2241 habeas petition. We

deny a COA and dismiss the appeal.

**I**

Davis claims that two state prison disciplinary actions violated his due process

rights. He seeks to have the two actions overturned and expunged from his record. He

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

contends that without these improper adjudications, he would be entitled to release 24 days before his currently scheduled release date.

In 2008, Davis filed a habeas petition in Reno County District Court claiming error in the two disciplinary proceedings. According to Davis, the state district court judge is unjustifiably failing to rule on the petition. He therefore filed a § 2241 petition in federal district court, seeking federal habeas review of his prison disciplinary issues. The district court concluded that Davis had failed to exhaust his available state remedies and that an exception to the exhaustion requirement was not warranted because Davis had not established that exhaustion was futile. It accordingly dismissed the petition and denied a COA. Davis timely appealed.

## II

A § 2241 petitioner in state custody must obtain a COA to appeal the district court's denial of relief. See Montez v. McKinna, 208 F.3d 862, 868-69 (10th Cir. 2000). A petitioner may obtain a COA only by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). Because Davis proceeds pro se, we construe his filings liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam).

We agree with the district court that "[a] habeas petitioner is generally required to

exhaust state remedies whether his action is brought under § 2241 or § 2254." Montez, 208 F.3d at 866 (citing Coleman v. Thompson, 501 U.S. 722, 731 (1991)). "We will not excuse a failure to exhaust state remedies unless it is affirmatively shown that resort to them would be useless." Clonce v. Presley, 640 F.2d 271, 273 (10th Cir. 1981). We have held that a state court's delay in adjudicating a direct criminal appeal beyond two years from the filing of a notice of appeal gives rise to the presumption that exhaustion is futile, absent constitutionally sufficient justification by the state. Harris v. Champion, 15 F.3d 1538, 1556 (10th Cir. 1994). In this case, the last filing in Davis' state court action was slightly less than two years ago, indicating that there has indeed been a significant delay in the state court's adjudication. Nonetheless, we need not determine whether Davis' failure to exhaust state remedies is excused because we conclude that his underlying claims are without merit.

Prison inmates must be afforded due process before they are deprived of a protected liberty interest in earned good time credits. Mitchell v. Maynard, 80 F.3d 1433, 1444 (10th Cir. 1996). However, because prison disciplinary proceedings "take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so," the full panoply of rights due a defendant at a criminal trial do not apply. Wolff v. McDonnell, 418 U.S. 539, 556, 561 (1974). To satisfy due process in a prison disciplinary proceeding, "the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an

- 3 -

opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense, and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Walpole v. Hill, 472 U.S. 445, 454 (1985).

Davis does not allege that prison officials failed to provide written notice of the charges against him or their evidentiary basis. He appears to allege that he was denied the opportunity to call witnesses and present evidence in his defense. However, he does not provide any information regarding what evidence he would submit, or how it would demonstrate his innocence. "[E]rrors made by prison officials in denying witness testimony at official hearings are subject to harmless error review." Grossman v. Bruce, 447 F.3d 801, 805 (10th Cir. 2006). Absent any information regarding how the allegedly excluded evidence or witnesses would have helped Davis' case, we conclude that if prison official did err, the error was harmless.

Davis also reargues the merits of the disciplinary case against him, contending that the charges were fabricated and supported by "no evidence." "[W]here good time credits constitute a protected liberty interest, a decision to revoke such credits must be supported by some evidence." Walpole, 472 U.S. at 447. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Id. at 455. Instead, we uphold the decision even if the evidence supporting the decision is "meager." Id. at 457. Davis'

claim that there was "no evidence" justifying the disciplinary charges is belied by his own submissions. For example, his description of the incident at issue demonstrates that he talked back to a prison official, supporting his poor performance violation. Similarly, he admits that he arrived at his scheduled work period after other prisoners; although he disputes the guard's claim that he was late for his shift, the guard's testimony is "some evidence" on which the tribunal could rely in sanctioning Davis. We accordingly conclude that the record before us reveals a "modicum of evidence" sufficient to support the disciplinary violations resulting in the loss of good time credits. Id. at 455.

### III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal. Davis' motion to expedite his appeal is **DENIED** as moot.

Entered for the Court

Carlos F. Lucero
Circuit Judge