FILED
United States Court of Appeals
Tenth Circuit

May 31, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ADRIAN M. REQUENA,

      Petitioner - Appellant,

v.

RAY ROBERTS; SAM CLINE;
DEREK SCHMIDT, Attorney General
of the State of Kansas,

      Respondents - Appellees.

No. 16-3047
(D.C. No. 5:14-CV-03039-SAC)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, **GORSUCH**, and **McHUGH**, Circuit Judges.

Adrian Requena, a Kansas state prisoner, says prison officials violated his right to due process when they found he committed battery and attempted assault on a prison guard and imposed a number of sanctions, including the loss of six months of "good conduct" credits. He challenged the ruling in a habeas petition under 28 U.S.C. § 2241, but the district court found relief unwarranted and denied him a certificate of appealability (COA). Mr. Requena now renews his request for a COA before this court.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

To win a COA, Mr. Requena must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to establish "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Based on our independent review of the record in this case, we agree with the district court that Mr. Requena has not met this threshold.

Mr. Requena insists that if we weigh all the evidence in the record it would show he did not commit the alleged battery and attempted assault. But the evidentiary standard a prison must satisfy in a disciplinary proceeding is minimal — a prison comports with due process so long as there is "some evidence" supporting its decision. *See Plunk v. Givens*, 234 F.3d 1128, 1129-30 (10th Cir. 2000). When we review a habeas petition challenging a disciplinary proceeding, "the relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455-56 (1985) (emphasis added). This inquiry requires neither an examination of the entire record nor an independent weighing of the evidence. *Id.* at 455.

As the district court thoroughly explained in its well-reasoned order, there is more than enough evidence to sustain the disciplinary decision in this case. A

prison guard testified that Mr. Requena touched her inappropriately. And the prison hearing officer credited the guard's testimony. True, a nearby video camera did not confirm the guard's account, but the camera did not have a full view of the area where the incident occurred and so proved inconclusive. The guard's testimony alone meets the "some evidence" standard, *see Davis v. Cline*, 525 F. App'x 658, 660 (10th Cir. 2013), and so we cannot say that Mr. Requena has made a substantial showing that his due process rights were violated.

The request for a COA is denied and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge