**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 8, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARK ALAN LANE,

      Petitioner - Appellant,

v.

CLAUDE MAYE, Warden,

      Respondent - Appellee.

No. 16-3287
(D.C. No. 5:16-CV-03105-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON,** and **BACHARACH**, Circuit Judges.
_____

Mark Alan Lane appeals the district court's denial of his 28 U.S.C. § 2241

application and moves for leave to proceed *in forma pauperis* ("*ifp*"). Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. **BACKGROUND**

Mr. Lane is a prisoner at the United States Penitentiary in Leavenworth, Kansas.

He was previously confined in the Federal Correctional Institution Schuylkill ("FCI

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

Schuylkill") in Minersville, Pennsylvania, where he attempted to mail a letter on August 31, 2015 to an Assistant United States Attorney ("AUSA") in Indiana. The prison's Special Investigative Services ("SIS") examined the letter, which stated in part:

> I like it when Guards say," "IF" you run I will show you how good I can shot. "IF" the warden, and you go past January 25, 2016. I can't write, what I'm going to do!!! Fax SIS now, you scum bag. . . . Somebody will pay for your sins, That a given. . . . Don't call, Unless you have a Million dollars. I don't work for free!!! You tried to play me, and "IF" they take you into trial, it will cost you 2 Million.

ROA, Vol. I at 10.

The same day, SIS Lieutenant Raup wrote an incident report charging Mr. Lane with threatening another with bodily harm or any other offense in violation of Bureau of Prison ("BOP") Code 203, codified at 28 C.F.R. § 541.3 tbl.1. Mr. Lane received a copy of the incident report later that afternoon.

On September 14, 2015, Disciplinary Hearing Officer Bittenbender held a hearing on the Code 203 charge. Officer Bittenbender continued the hearing and asked Lieutenant Raup to rewrite the incident report. Lieutenant Raup rewrote the report the next day and replaced the Code 203 charge with a Code 204 charge for extortion. Mr. Lane received the new incident report on September 15, 2015.

On September 22, 2015, Officer Bittenbender held a hearing on the Code 204 charge. Ms. Feger, from the prison's education department, testified on behalf of Mr. Lane and explained the meaning of the word "if." No other witnesses were called and Mr. Lane did not present any other evidence. Mr. Lane asserts Officer Bittenbender denied his request to call Lieutenant Raup and Warden Perdue.

Officer Bittenbender found Mr. Lane guilty of violating Code 204 and imposed sanctions that included loss of good-time credits.

Mr. Lane filed a § 2241 application for a writ of habeas corpus in the district court,[1] arguing (1) Officer Bittenbender lacked sufficient evidence to find him guilty, and (2) Officer Bittenbender's refusal to allow testimony from Lieutenant Raup and Warden Perdue violated his due process rights. The district court denied relief on both grounds and denied Mr. Lane's motion to alter or amend the district court's judgment.[2]

## II. **DISCUSSION**

### A. *Legal Background*

A § 2241 application attacks the execution of a sentence rather than its validity. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). In other words, it challenges "the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (quotations omitted). A federal prisoner may use a § 2241 application to restore good-time credits that were lost as a result of a prison disciplinary hearing lacking due process. *Brown v. Smith*, 828 F.2d 1493, 1495

---

[1] Because he was confined in Leavenworth when he filed his § 2241 application, he filed it in the United States District Court for the District of Kansas.

[2] "A federal prisoner is not required to obtain a certificate of appealability to seek review of a district court's denial of a habeas application under § 2241." *Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016).

(10th Cir. 1987) (per curiam). "When reviewing the denial of a habeas petition under § 2241, we review the district court's legal conclusions de novo and accept its factual findings unless clearly erroneous." *Hale*, 829 F.3d at 1170.

"Any procedure depriving a federal prison inmate of earned statutory good time credits must comport with the due process requirements of the Constitution." *Brown*, 828 F.2d at 1494 (alterations omitted). Nevertheless, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

Under *Wolff*, the prisoner must receive "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563-67). The Supreme Court has also added that "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record." *Hill*, 472 U.S. at 454 (citation and quotations omitted).

B. *Analysis*

1. **Sufficient Evidence**

Mr. Lane first argues that Officer Bittenbender did not find him guilty for violating Code 203, which prohibits threatening another with bodily harm. At the hearing on the Code 203 charge, Officer Bittenbender continued the hearing and

instructed Lieutenant Raup to rewrite the incident report. Lieutenant Raup rewrote the

report and replaced the Code 203 charge with a Code 204 charge for extortion. Officer

Bittenbender held a second hearing and found Mr. Lane guilty. Mr. Lane does not

challenge Officer Bittenbender's finding of guilt for the Code 204 charge. And Officer

Bittenbender's report explaining his finding of guilt contains enough evidence to comport

with minimum due process requirements. *See Hill*, 472 U.S. at 454 (stating revocation of

good-time credits must be "supported by some evidence in the record"). The district

court did not err in rejecting Mr. Lane's first ground for relief.

2. **Witnesses**

Mr. Lane next argues Officer Bittenbender deprived him of due process by not

allowing him to call Lieutenant Raup and Warden Perdue to testify at the hearing. Before

the second hearing, Mr. Lane received a form that directed him to list proposed

witnesses. He listed only Ms. Feger. The record also shows that, before the hearing, Mr.

Lane had sent handwritten "statements" to the prison's United Disciplinary Committee

and Officer Bittenbender requesting that Lieutenant Raup and Warden Perdue testify at

the hearing. The statements say Lieutenant Raup could testify that (1) "in the event of a

third . . . Indictment it takes an [sic] conspiracy to testify at trial on co-defendant," ROA,

Vol. I at 25, and (2) a particular AUSA "never asked or sent an email [or] 'Fax' to

investigate the offense of extortion," ROA, Vol. I at 27. The statements also say Warden

Perdue could testify that he had never been extorted by Mr. Lane. Even assuming the

proffered testimonies were improperly denied, the denial would be harmless because

neither testimony would have been relevant to Mr. Lane's Code 204 charge that was

based on the 2015 letter extorting the AUSA.  *See Grossman v. Bruce*, 447 F.3d 801, 805 (10th Cir. 2006) ("[E]rrors made by prison officials in denying witness testimony at official hearings are subject to harmless error review.").

The district court did not err in denying Mr. Lane's second ground for relief.

3.  ***IFP***

Mr. Lane requests to proceed *ifp*.  We deny the request because he fails to show "a financial inability to pay the required fees."  *McIntosh*, 115 F.3d at 812.

## III.  **CONCLUSION**

For the reasons stated, we affirm the district court's denial of Mr. Lane's § 2241 application and deny his request to proceed *ifp*.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge