**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARCUS DEANGELO JONES, a/k/a
Marcus Deangelo Lee,

      Petitioner - Appellant,

v.

NICOLE ENGLISH, Warden, USP-
Leavenworth,

      Respondent - Appellee.

No. 19-3188
(D.C. No. 5:19-CV-03029-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BALDOCK**, and **KELLY**, Circuit Judges.
_____

Marcus Deangelo Jones, a federal prisoner proceeding pro se, appeals the

district court's denial of his petition for a writ of habeas corpus under 28 U.S.C.

§ 2241. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] A federal prisoner is not required to obtain a certificate of appealability to
seek review of a district court's denial of a habeas application under § 2241.
*Eldridge v. Berkebile*, 791 F.3d 1239, 1241 (10th Cir. 2015).

## I. BACKGROUND

Mr. Jones is currently serving an aggregate sentence of 327 months in prison for drug and firearm offenses. His projected release date based on good conduct time is January 17, 2024. In the interim, Mr. Jones wants to serve the remainder of his sentence in a Residential Reentry Center or Community Correction Center ("community confinement"). To that end, Mr. Jones made two requests to staff at the United States Penitentiary Leavenworth, Kansas ("Leavenworth"), to consider him for community confinement as a prerelease inmate under 18 U.S.C. § 3624(c). Bureau of Prisons ("BOP") staff denied the requests as premature.

Mr. Jones next filed a § 2241 habeas petition in the United States District Court for the District of Kansas. He alleged that "but for" Leavenworth staff's reliance on "fabricated and false information" contained in a presentence investigative report ("PSR"), he would be eligible for "placement or consideration for the pre-parole/pre-release setting." R. at 12. He asked the court to order Leavenworth staff to conduct an individualized review under 18 U.S.C. § 3621(b).

Mr. Jones further alleged that in 2018, while he was incarcerated in Missouri, BOP staff there relied on the "fabricated and inaccurate information" in the PSR to increase his security classification and transfer him to Leavenworth as retaliation for having filed numerous administrative complaints. R. at 10. According to Mr. Jones, the retaliation continued at Leavenworth when staff there also refused to change his

2

security classification.[2]  Based on these allegations, Mr. Jones sought an order requiring Leavenworth staff to correct the alleged inaccurate information in the PSR.

The district court found that Mr. Jones's request for the court to order the BOP to consider him for community confinement as a *prerelease inmate* was not ripe due to the length of time remaining on his sentence.  The court also found that, because Mr. Jones had not asked for consideration as a *non-prerelease inmate*, it would not order BOP staff to undertake such a review.  Further, the court held that Mr. Jones could not properly bring claims in a § 2241 petition for retaliation or to correct his PSR and therefore dismissed them.  Finally, the court denied Mr. Jones's request for an evidentiary hearing and discovery.

## II.  **DISCUSSION**

### A.  *Standard of Review*

Because Mr. Jones is proceeding pro se, we liberally construe his filings.  *See Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

"When reviewing the denial of a habeas petition under § 2241, we review the district court's legal conclusions de novo and accept its factual findings unless clearly erroneous."  *al-Marri v. Davis*, 714 F.3d 1183, 1186 (10th Cir. 2013).  We are

---

[2] While Mr. Jones's petition was pending, his security classification was changed, and he was transferred from Leavenworth to a low-security facility in Arkansas.  The district court determined that the transfer did not divest the court of jurisdiction.  We agree.  *See Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985) ("It is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change.").

free to affirm the denial of habeas relief under § 2241 "on any ground for which there is a sufficient record to permit conclusions of law." *Grossman v. Bruce*, 447 F.3d 801, 805 n.2 (10th Cir. 2006).

Our review of the decision to deny an evidentiary hearing or discovery is for an abuse of discretion. *See Anderson v. Att'y Gen. of Kan.*, 425 F.3d 853, 858 (10th Cir. 2005) (evidentiary hearing); *Curtis v. Chester*, 626 F.3d 540, 549 (10th Cir. 2010) (discovery).

### B. *Legal Background*

1. **Habeas Relief**

A proper § 2241 petition challenges "the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (quotations omitted). Although transfer to community confinement  affects the conditions of confinement—not its duration—we have recognized that petitions seeking review of whether BOP staff followed the law in evaluating an inmate for community confinement may be brought in a § 2241 habeas petition. *See Wedelstedt v. Wiley*, 477 F.3d 1160, 1168-69 (10th Cir. 2007) (affirming grant of habeas relief under § 2241 requiring staff to consider factors in 18 U.S.C. 3621(b) to evaluate transfer to community confinement). Otherwise, "a prisoner who challenges the conditions of his confinement must do so through a civil rights action." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012).

4

2. **Community Confinement**

    a. *Statutory framework*

Two statutes govern BOP's authority to place a prisoner in community confinement, namely 18 U.S.C. §§ 3624(c) and 3621(b).

Before 2007, a prisoner's assignment to community confinement could not exceed the last six months of his sentence. But in the Second Chance Act ("SCA"), enacted in 2007, Congress granted BOP the discretion to place soon-to-be released inmates into community confinement for up to twelve months: "The [staff] shall, to the extent practicable, ensure that a prisoner . . . spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for . . . reentry. . . into the community." § 3624(c)(1). Those "conditions . . . include a community correction facility." *Id.*[3]

To effectuate its additional discretion to place an inmate in community confinement for up to twelve months prior to his release, the BOP issued two memoranda. The first, issued in April 2008, addressed *prerelease inmates* and instructed staff "to review inmates for pre-release placements at an earlier time., e.g., seventeen to nineteen months before their projected release dates, and to consider

---

[3] *See also* 28 C.F.R. § 570.21(a) (2009) ("Inmates may be designated to community confinement as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months.").

5

pre-release inmates on an individual basis using the five factors from . . . § 3621(b)."[4] *Garza*, 596 F.3d at 1198, 1202-03.

The second memorandum, issued in November 2008, "addressed inmate requests for [immediate] transfer to [community confinement] when more than twelve months remained from their projected release date (that is, *non-pre-release inmates*)." *Id.* at 1203 (emphasis added). "[T[he memorandum instructed staff that they could not automatically deny a non-pre-release inmate's request for pre-release transfer, but must give each request individualized consideration." *Id.* "However, if an inmate were to request transfer prior to the pre-release time frame of twelve months, although staff must individually consider the request [using the five factors in § 3621(b)], they were instructed that there was no need to perform immediately the statutorily prescribed individualized review," *id.* (quotations and citation omitted). Rather, staff were instructed to inform the inmate "that the request would be fully reviewed in conjunction with the next scheduled Program Review," *id.*

C. *Analysis*

1. **Prerelease Consideration under 18 U.S.C. § 3624(c)**

Under the BOP's first memorandum, staff are not obligated to review requests for prerelease community confinement under 18 U.S.C. § 3624(c) until seventeen to

---

[4] The five factors are: (1) the resources of the facility; (2) the nature and surrounding circumstances of the prisoner's criminal offense; (3) the prisoner's history and characteristics; (4) any relevant statements by the sentencing court concerning the sentence and type of facility, and (5) any relevant policy of the Sentencing Commission. *See* 18 U.S.C. § 3621(b).

nineteen months before an inmate's projected release date. Because Mr. Jones's projected release date is January 17, 2024, Leavenworth staff were not required to review his request. We agree with the district court's dismissal of Mr. Jones's claim as not ripe.

"We review the issue of ripeness de novo." *United States v. Cabral*, 926 F.3d 687, 693 (10th Cir. 2019) (quotations omitted). "The purpose of the ripeness doctrine is to prevent the premature adjudication of abstract claims." *Id.* (quotations omitted). Particularly applicable here, "[t]he doctrine of ripeness prevents courts from entangling themselves in abstract disagreements over administrative policies, while also protecting the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *S. Utah Wilderness All. v. Palma*, 707 F.3d 1143, 1158 (10th Cir. 2013) (brackets and quotations omitted). "In evaluating ripeness the central focus is on whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id.* (quotations omitted).

Mr. Jones makes no argument that he was a prerelease inmate when he made his requests, nor could he, because his projected release date is not until January 2024. His claim was not ripe for adjudication. *See id.*

2. **Non-Prerelease Consideration under 18 U.S.C. § 3621(b)**

The district court also refused to order Leavenworth staff to undertake an individualized assessment of whether Mr. Jones should be considered for a transfer to community confinement as a non-prerelease inmate "[b]ecause it is not clear from the

7

record that [Mr. Jones] has made [such] a request." R. at 317. If Mr. Jones "intends to [do so], he should specify that he is seeking an immediate transfer as opposed to pre-release consideration." *Id.* And, "[i]f [he] makes such a request, he would be entitled to receive individualized consideration under § 3621(b) at his next scheduled review Program Review." *Id.*

We have reviewed the record de novo and agree that Mr. Jones did not request consideration as a non-prerelease inmate. According to Mr. Jones, following his March 2018 transfer to Leavenworth, he "filed an administrative remedy request[] [c]oncerning the inaccuracy of the information relied on" to make the transfer decision. Aplt. Opening Br. at 2f. In response, Warden Nicole English scheduled a review of the transfer decision. While the transfer review was pending, Mr. Jones "submitted a [separate] request to [Leavenworth] Unit Manager John Johnson, that he make the appropriate corrections [to his file] and [then] consider [his] circumstances for [community confinement] or other appropriate placement in Re-Entry pursuant to 18 U.S.C. § 3624(c)." *Id.* As grounds for the review, Mr. Jones noted that he was "fastly [sic] approaching the [end of his] total sentence." R. at 26. His request was denied.

Next, in February 2019, Mr. Jones made another request to staff to be considered for community confinement, and "was again informed that nothing would be changed [in his file] and [he] would be considered for [community confinement] 19 to 17 months from [his] release." *Id.* at 125. Leavenworth staff plainly understood Mr. Jones to be making a prerelease-inmate request because the request

8

invoked the seventeen-to-nineteen-month review period. Moreover, nothing in the record shows that Mr. Jones informed staff that they had misinterpreted the request.

Because the record does not show that Mr. Jones made a request for consideration as a non-prerelease inmate, the district court properly dismissed the claim. *See Palma*, 707 F.3d at 1158.

### 3. **Retaliation**

Mr. Jones's retaliation claim was based on events that began in February 2018, while he was an inmate in Missouri. In his petition, he alleged he was told during his team review that "because of [his] repeated filing of administrative remedies against staff, [he] will not be considered for Pre-Release/Community Correction although [he] is within 19 months" of his projected release date,[5] and Missouri staff then proceeded to increase his "Offense Severity [to] Greatest Severity," which changed his custody level and resulted in his transfer to Leavenworth. R. at 124. Mr. Jones further alleged that the retaliation continued at Leavenworth through the actions of Unit Manager Johnson, who told him "that he [had] spoke[n] with staff [in Missouri] and [he] . . . was not going to change anything [even if Mr. Jones was] right." Aplt. Opening Br. at 2g (quotations omitted).

The district court dismissed Mr. Jones's retaliation claim as not properly raised in a § 2241 petition because it concerned the conditions of his confinement—where he should serve his sentence. *See Palma-Salazar*, 677 F.3d at 1035. We will not

---

[5] Mr. Jones was not within seventeen to nineteen months of his projected release date.

consider the issue because Mr. Jones has failed to adequately brief it on appeal. *See*

*Holmes v. Colo. Coal. for Homeless Long Term Disability Plan*, 762 F.3d 1195, 1199

(10th Cir. 2014) (declining to consider arguments on appeal that were inadequately

briefed); *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (declining to

consider "a few scattered statements" and "perfunctory" arguments that failed to

develop an issue).

4. **Correction to the Central File**

The United States Probation Office ("USPO") prepared two PSRs in

connection with Mr. Jones's sentencing. These PSRs are part of Mr. Jones's central

file at BOP and used by the staff to review information about his offenses and to

assist with his programming needs. According to Mr. Jones, one of his PSRs

contains inaccuracies. He asked the district court to order staff to correct the

"inaccurate" information.

The district court found that only the USPO can correct inaccuracies in an

inmate's PSR—not BOP staff—and in any event, the claim was not properly raised in

a § 2241 petition because it did not seek the remedy of immediate release or a

shortened period of confinement. *See McIntosh*, 115 F.3d at 812. Again, Mr. Jones

has failed to adequately brief the issue. We thus will not consider it on appeal. *See*

*Holmes,* 762 F.3d at 1199; *Murrell,* 43 F.3d at 1389 n.2.

D. *Evidentiary Hearing and Discovery*

"District courts are not required to hold evidentiary hearings in collateral

attacks without a firm idea of what the testimony will encompass and how it will

10

support a movant's claim." *United States v. Cervini*, 379 F.3d 987, 994, (10th Cir. 2004). Nor is "[a] habeas petitioner . . . entitled to discovery as a matter of ordinary course," *Curtis*, 626 F.3d at 549 (quotations omitted). Instead, discovery is appropriate only when a petitioner "set[s] forth good reason to believe he may be able to demonstrate he is entitled to relief," *id.* (quotations omitted).

Because Mr. Jones was not entitled to relief, and because he has not otherwise shown that the district court abused its decision, we affirm the denial of both requests.

## III. **CONCLUSION**

We affirm the district court's judgment. We deny Mr. Jones's motion to expedite his appeal as moot.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge